## J. C. Dabbs v. F. J. Rothe, Jr.

### Decided January 16, 1901.

**1.—State School Land—Actual Settlement.**

Where additional State school land was purchased under article 4218f of the Revised Statutes as amended by the Laws of 1897, page 184, it was a sufficient actual settlement to comply with the Act of May 27, 1899, as to such additional land, that the purchaser settled on his home section within six months from the filing of his application therefor.

**2.—Same—Curative Act of May 27, 1899—Six Months Limitation to Suit.**

The provision in the curative Act of May 27, 1899, cutting off the right of a subsequent purchaser of school land from the State unless he brought suit within six months from the date of that act, does not apply where the first purchaser does not come within the class to whom relief was granted by that statute, viz., those who were not actual settlers on the land at the time of their application to buy; and hence, in a contest of title between a purchaser under the law of 1897 and a subsequent purchaser from the State it was necessary, in order to justify a peremptory instruction to the jury to find for the first purchaser on the ground that the second had not filed his suit within six months after the Act of 1899 took effect, that the testimony should show an undisputed case of failure on the part of the first purchaser to settle on his home tract before he applied to purchase the additional land, but that he did settle on one or the other within six months after he made his application to purchase.

**3.—Same—Law Not Retroactive.**

The Act of May 27, 1899, is not retroactive, and does not deprive anyone of vested rights.

Appeal from Medina. Tried below before Hon. I. L. Martin.

*V. H. Blocker* and *George Powell,* for appellant.

*Ed De Montel, Denman, Franklin, Cobbs & McGown,* and *W. A. Wurzbach,* for appellee.

Fly, Associate Justice.—This is an action of trespass to try title to 640 acres of land in Medina County. Appellee, in addition to the plea of not guilty, pleaded that appellant's claim to the land was based upon settlement and an application to purchase the land, which had been awarded to appellee by the Commissioners of the General Land Office prior to appellant's settlement and application. That appellee had actually settled the land and made the required payments and executed his obligation for the balance of the purchase money as required by law, and that appellant, having failed to begin his suit within six months after the Act of May 27, 1899, went into effect, was barred of his action. The court charged the jury that the action was barred, as pleaded by appellee, and instructed a verdict for appellee.

The title shown by appellant was an application to the Commissioner of the General Land Office to purchase section 296, certificate 787, Houston East and West Texas Railway Company, price $1 per acre, classed as dry grazing land, the application for said section being as an actual settler.

The Act of 1899, above referred to, is as follows:

"Section 1.   Be is enacted by the Legislature of the State of Texas :: That any applicant who has, prior to the first day of January, 1899, made application to purchase public free school, university, or asylum lands, and within six months after the date of such application to purchase: made actual settlement and first payment thereon, and executed his obligation for the balance of the purchase money, and the said land has been awarded to such applicant by the Commissioner of the General Land Office, under the several acts of the Legislature relating to the sale of such lands, and the said award and the account as to interest payments on such land is in good standing, such award and sale is hereby validated, and the Commissioner of the General Land Office shall issue to such purchaser, his heirs and assigns, patent thereto, upon the payment of the purchase money, both principal and interest, together with patent fees, and upon satisfactory proof that all taxes have been paid upon such lands, and that such land has been occupied for three years by said applicant or his vendee, after the date of his application; provided, that the provisions of this act shall not in any manner disturb the vested rights of those claiming an adverse claim or title by reason of settlement and application to purchase as against the purchaser to whom the same was awarded by the Commissioner of the General Land Office; and provided further, that all persons claiming, by reason of settlement and application to purchase, an adverse title or rights to such land as against the purchaser to whom the same is awarded by the Commissioner of the General Land Office, shall begin his suit to recover such land within six months after this act takes effect, and not thereafter."

The act in question was passed, as is shown by section 2 of the act,. for the benefit of those who were settlers upon and owners of school lands at the time the act took effect, but "who were not actual settlers. thereon, as the term is construed by the courts, before making their application to purchase, and who have been forced to leave their lands by circumstances beyond their control." If appellee belonged to the class named in the act, then, under its provision, he has a claim that can be perfected into a title by proof that the land has been occupied for three years after the date of the application to purchase, and proof of payment of purchase money, principal and inteerst, and taxes and patent fees.  One class of persons is exempted from the operation of the law, and that is the one against whose claim on the land has intervened the claim of another who has settled on the land and applied for purchase of it.  The intervening rights of such settler and applicant are protected, however, upon condition that he shall begin his suit against the person to whom the land had been awarded within six months after the act went into effect.   The act went into effect on August 25, 1899, and the suit was filed March 7, 1900, more than six months after the act took effect.

It was in proof that appellee made his application to purchase the

land on June 14, 1898, and it was, on August 27, 1898, awarded to him. He has made all payments required by law, and executed the necessary obligations.

The land was purchased under the provisions of article 4218f, Revised Statutes, which permits the purchase of additional lands by any actual bona fide purchaser of and resident upon any other lands within a radius of five miles thereof. In article 4218ff it is provided that a forfeiture of the part on which he resides shall work a forfeiture of his title to the additional land bought.

It is urged by appellant, in the third assignment, that appellee had not made an actual settlement on the land in controversy as a home within six months from the filing of his application as contemplated in the Act of May 27, 1899, and that the limitation provided for in that act is unconstitutional as affecting vested rights. As to the first point, it was not essential that appellee should show settlement upon the land in controversy. Settlement within six months upon the home tract was sufficient.

It is also contended in the fifth assignment of error that the evidence establishes that appellee failed to bring himself within the reach of the relief granted by the Act of 1899, by not becoming an actual settler on the land claimed as a home, within six months from the time he applied for it in June, 1898.

The evidence introduced by appellee tends to show that he went into possession of the home section before he applied for purchase of it and the other land, in 1898, and was an actual settler thereon before that time, and was not in a position to require relief from an act passed to relieve those who were not actual settlers before the purchase of the land was applied for. If the phase of case established by appellee's testimony be the true one, then appellant had not obtained any right by settlement and application to purchase that could form the basis of a suit, and judgment should have been rendered for appellee.

On the other hand the testimony of appellant tended to show that there had been no actual settlement, either before the time of the application or thereafter, and if this should be true, the settlement and application of appellant would give him the right to recover, whether he instituted his suit within six months or not. The limitation of six months provided for in the Act of May 27, 1899, has no reference to any case except where actual settlement is made within six months after the application was made.

It appears, therefore, that in order to justify an instruction to find for appellee on the six months' limitation, the testimony should have shown an uncontroverted case of failure upon the part of appellee to settle upon the home tract before he applied for the purchase of the land in controversy, but did settle one or the other within six months after he made his application to purchase.

It should have been submitted to the jury as to whether Rothe was an actual settler of the land before the time he made his application to

purchase or not, and if he was, he would be entitled to the land, if he had not abandoned it at the time that Dabbs made his settlement and application. If Rothe was not an actual settler before or after the application for the purchase, then the jury should have been instructed to find for Dabbs, as it was uncontroverted that the latter was an actual settler and had made his application in compliance with law. If, however, Rothe was not an actual settler before he made his application to purchase, but became one within six months after he made his application, then the jury should have been instructed to find for Rothe on the ground that Dabbs was barred by limitation of six months under the provisions of the law of 1899.

It follows that the court errer in not submitting the issues raised by the evidence to the jury.

The Act of May 27, 1899 (General Laws of Twenty-sixth Legislature, page 259) is not retroactive, and does not deprive any one of vested rights. Statutes of limitation affect the remedy alone, and so long as there is a substantial remedy left there is no cause for complaint, as such laws form no part of the contract. Gautier v. Franklin, 1 Texas, 732; Goldfrank v. Young, 64 Texas, 432.

In our former opinion in this case nothing was considered but the form of application to purchase made by appellant, and it was held to form no basis of title, under the authority of Gracy v. Hendrix, 93 Texas, 26, and Willoughby v. Townsend, 93 Texas, 80. The record purports to give only the substances of the application, and it was not attacked in any manner by appellee in this or the trial court. We have concluded, therefore, that the application should be treated as complying with the law, and a rehearing is therefore granted, and the opinion withdrawn, and for the reasons hereinbefore given, the judgment is reversed and the cause remanded.

*Reversed and remanded.*