PYRON et al. v. HODGES. (No. 7205.)†

(Court of Civil Appeals of Texas. Dallas. April 24, 1915. Rehearing Denied June 19, 1915.)

1. JUDGMENT ☞256—ON TRIAL OF ISSUES—CONFORMITY TO FINDINGS.

Where a special verdict is returned, the court must enter judgment in accordance therewith, however erroneous such verdict may appear to it; for a judgment must conform to the verdict.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 446–454; Dec. Dig. ☞256.]

2. JUDGMENT ☞256—ON TRIAL OF ISSUES—CONFORMITY TO FINDINGS "PAID IN FULL."

In an action to recover a broker's commission, on the sale of a hotel, that was not to be paid unless the purchase-money notes given for such hotel were paid, where no issue was raised by the pleadings whether the notes were paid in money, the parties trying the case on the issue that the contract was rescinded, and not that money was paid in settlement of the notes, while the jury found that a rescission of the purchase was made in good faith because of the buyer's inability to pay the price, and that the seller in rescinding and taking a reconveyance did not intend to defeat the broker's right to his commission, a special finding by the jury that the purchase-money notes were "paid in full" meant that the notes were canceled by the rescission of the purchase contract, not paid in money, so that entry of judgment for the defendant upon the special verdict was not improper as inconsistent with the findings.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 446–454; Dec. Dig. ☞256.]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by R. B. Pyron and others against Charles O. Hodges. Judgment for defendant, and plaintiffs appeal. Affirmed.

Thompson, Knight, Baker & Harris, of Dallas, for appellants. Etheridge, McCormick & Bromberg, of Dallas, for appellee.

RAINEY, C. J. Appellant brought suit against appellee to recover commissions for services in selling the St. George Hotel, in the city of Dallas, Tex., the sale having been made to one Oliver on a credit for $250,000, and for a part of the consideration Oliver executed his four promissory notes for $12,500 each. Appellee answered that the commission to be paid was $5,000, conditioned on the said notes being collected; that said notes were not collected, because Oliver was insolvent, and in order for appellee to regain possession of said hotel the contract of sale was rescinded and by which said notes were canceled. The cause was submitted on special issues, and upon the return of a verdict judgment was entered for appellee, from which this appeal is taken.

Appellant contends that the court erred in rendering judgment for appellee upon the verdict returned, but instead the verdict required a judgment for appellant.

There is no statement of facts in the record, and our decision will be based upon the pleadings and the verdict as returned by the jury. The jury found that the contract made between Hodges and Pyron was that Pyron was to receive $5,000 commissions "conditioned upon the payment to Hodges of the four notes of $12,500 each, which were made by Oliver and indorsed by Pyron." To the third question submitted by the court, "Were the said four $12,500 notes paid to Hodges either in whole or in part, and, if they were paid in part, how much was paid thereon," the jury's answer was, "Paid in full." Appellant insists that this finding of the jury shows conclusively that the condition expressed in the contract for commissions had been fulfilled, which entitled a recovery by Pyron, which required the entry of judgment for Pyron, even if the court considered such finding wrong. On the other hand, appellee contends that the other findings of the jury show conclusively that by the said finding the jury did not mean or intend to convey the idea that said notes were paid to Hodges in money, but that they were paid in full by their cancellation in the rescission of the trade, by which Hodges took back the hotel.

[1, 2] We understand the law is that the judgment must conform to the verdict, and, when there is a special verdict returned, the court should enter judgment in accord therewith, no matter how erroneous the verdict may be; but, in view of the pleadings and other findings of the jury, the finding, "Paid in full," the court did not violate the rule just announced, and we think it evident that the jury meant the notes were paid and canceled by the rescission of the contract. There was no issue raised by the pleadings that the notes were paid off and discharged by payment in money, but that they were canceled by the rescission. The findings of the jury, other than this one, which force us to the conclusion that they did not mean payment in money, are the answers made to questions 4 and 5, which answer to question 4 is in effect:

"That the rescission contract between appellee and wife and Oliver and wife of date December 8, 1910, was entered into in good faith, because of Oliver's inability to comply with his

purchase from appellee and for the purpose of rescinding the sale· on that account and of restoring each party to his respective right."

And the answer to 5 is in effect:

"That appellee, in rescinding his sale and conveyance of his Dallas hotel property to Oliver, and in procuring a reconveyance thereof from Oliver, did not thereby intend to defeat Pyron in the payment of his agent's commission or brokerage earned, if any, in the original sale of said property by appellee to Oliver."

These findings show that a rescission of the contract between Oliver and Hodges was made, restoring each party to his respective right on account of Oliver's inability to comply with the terms of sale, and that the rescission was made in good faith without any intent on the part of Hodges to defeat Pyron out of his commission, and this we think precludes the idea that Hodges received any payment on the notes, but was only restored to his original right in being placed in statu quo.

There is an apparent conflict between the findings of the jury in the respect mentioned, but we think these can be harmonized, or rather the verdict should be sustained. Both parties tried the case on the issue that the contract was rescinded, and not that money was paid in settlement of the notes. There being no plea of payment, therefore payment in money was not a material issue, and the court did not err in rendering judgment for appellee.

The following authorities sustain the views we have expressed, to wit: Hill v. Hoeldtke, 104 Tex. 594, 142 S. W. 871, 40 L. R. A. (N. S.) 672; Waller v. Liles, 96 Tex. 21, 70 S. W. 17; Telegraph Co. v. Rich, 101 Tex. 466, 108 S. W. 1152; Kelley v. Ward, 94 Tex. 289, 60 S. W. 311; Furst-Edwards v. Railway Co., 146 S. W. 1024.

The judgment is affirmed.

---

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

† Writ of error pending in Supreme Court.