THOMASON v. ROGERS et al.

(Court of Civil Appeals of Texas. Ft. Worth. March 8, 1913. Rehearing Denied April 5, 1913.)

1. APPEAL AND ERROR (§ 1043*)—QUESTIONS REVIEWABLE—IMMATERIAL QUESTIONS.

The refusal of the court to determine the plea of privilege of defendant to be sued in the county of his residence before hearing the cause on the merits is immaterial, and defendant may not complain thereof on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4115–4121; Dec. Dig. § 1043.*]

2. VENUE (§ 8*)—FRAUD.

Where a defendant employed to recover and sell land of plaintiff for one-half of the land recovered or one-half of the proceeds of land sold did not report any sales made and appropriated to his own use the whole proceeds thereof, and failed to inform plaintiff of the status of his interest, though repeatedly requested so to do during a course of years, he was guilty of fraud which must be deemed to have existed at the time and place of sale of the land, and under Rev. Civ. St. 1911, art. 1830, cl. 7, providing that, in cases of fraud, the suit may be instituted in the county in which the fraud was committed, he could be sued in that county, though he resided elsewhere.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 17; Dec. Dig. § 8.*]

3. BROKERS (§ 71*) — COMPENSATION — CONTRACTS—CONSTRUCTION.

A defendant employed to recover and sell lands of plaintiff for one-half of each separate tract recovered or one-half of the proceeds of any single tract sold may not appropriate the whole of the proceeds of a tract sold merely because his interest in other tracts not sold is of as great a value as the proceeds.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 56; Dec. Dig. § 71.*]

4. LIMITATION OF ACTIONS (§ 100*)—FRAUD—DISCOVERY OF FRAUD.

Where plaintiff employing defendant to recover and sell his land for a part of the land or the proceeds thereof was not informed of sales made by defendant, who appropriated the entire proceeds, and did not learn of the sales until after an independent investigation was made, an action for the fraud begun within two years of the investigation was not barred by limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 323, 480–493; Dec. Dig. § 100.*]

5. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—PROPOSITIONS.

The contention that appellant should have been allowed to deduct from appellee's share of proceeds on a sale of land certain expenses not presented as an independent proposition, but under an assignment alleging that the court erred in rendering any judgment, will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

Appeal from District Court, Clay County; P. A. Martin, Judge.

Action by Mattie Rogers and another against G. M. Thomason. From a judgment for plaintiffs, defendant appeals. Affirmed.

G. W. Thomasson and H. A. Allen, both of Henrietta, for appellant. Taylor & Humphrey, of Henrietta, for appellees.

CONNER, C. J. Appellees instituted this suit in the district court of Clay county against appellant, alleging that he had in March, 1904, sold 267 acres of land situated in Clay county for the sum of $2,000, one-half of which belonged to appellees, and which appellant had never accounted for, but had fraudulently converted to his own use. Appellant presented a plea of privilege to be sued in Jeff Davis county, the county of his residence. He also pleaded the general denial, and specially to the effect that prior to 1904 he had been employed by appellees and others to sue for and recover certain lands belonging to them situated in Clay county, Tex., under an agreement to receive as compensation for his services one-half of all lands recovered, or one-half of the pro-

ceeds if recovered and sold, he having at the time received a power of attorney authorizing him to so sell; that by virtue of such employment he sued for and recovered the land in controversy as well also as several other tracts situated in Clay county; that he had sold the land in question as alleged by appellees, and out of the proceeds belonging to the appellees had first deducted certain costs and expenses incurred by him during the litigation and amounting to more than $100, and had applied the remainder in satisfaction of his fee. The case was tried before the court without a jury, and judgment rendered in favor of the appellees for the sum of $726.95, together with costs.

The appeal presents in different forms but two questions that are deemed to be material.

[1, 2] Appellant first insists that the court erred in overruling his plea of privilege. The assignment under which this question is raised is based upon a bill of exception to the action of the court in refusing to determine the plea of privilege before hearing the cause upon the merits, which is an altogether different question from the one presented in the assignment, and one which we regard as of no materiality. But, regardless of the insufficiency of the presentation, we feel unable to say that the court erred in overruling the plea of privilege. While it is undisputed that appellant at the date of the institution of the suit was a resident of Jeff Davis county, yet it is further undisputed that on or about the date alleged appellant sold the tract of land described in the plaintiff's petition for the sum of $2,000, receiving property estimated as of the cash value of $500, and $1,500 in notes, which he afterwards collected. It is further undisputed that appellant appropriated the whole of the sum for which the land was so sold to his own use and benefit. The land had been recovered for and was owned by appellees and others, and they were undoubtedly entitled to receive from appellant one-half of the proceeds of the sale. Appellant urges that the appropriation was some time after the sale and occurred in counties other than Clay, and by virtue of the claim now made that he was entitled to so appropriate appellees' part of the proceeds in compensation for his services in the suits mentioned. But we think it clear that, under the contract with appellees, the extent of appellant's right was to receive one-half of each separate tract of land recovered or in event of a sale of any tract one-half of the proceeds, and that his duty to his clients upon the sale of the land in question was to have forthwith reported the sale and remitted to them their part of the purchase price, less perhaps such expenses as he would have been entitled to charge them, but this appellant did not do. On the contrary, appellees' testimony is to the effect that the sale was never reported

to them, notwithstanding they had repeatedly written appellant during the course of several years to learn the status of their interests. Under such circumstances, we do not think we can disturb the evident conclusion of the trial court to the effect that a legal fraud upon appellees was committed, and that the intent to so commit such fraud must be inferred to have existed at the time and place of the sale of the land in Clay county when and where appellant received the cash consideration and the notes afterwards converted to his own use. If such conclusions be correct, and of this we have no doubt, the suit against appellant was properly prosecuted in Clay county by virtue of the seventh clause of article 1830, Revised Statutes 1911, which provides that: "In all cases of fraud, and in case of defalcation of public officers, in which cases suit may be instituted in the county in which the fraud was committed, or where the defalcation occurred, or where the defendant has his domicile."

[3] Second. Appellant insists that the court's judgment against him on the merits is not sustained by the evidence, but we think we must also overrule all assignments involving this question. Appellant's only serious contention, as it seems to us, is that he had the right to appropriate appellees' part of the proceeds of the sale of the land in satisfaction of his fee, and he has cited a number of authorities as supporting this contention. The authorities, however, we think are inapplicable here. They relate to cases in which some specified sum as fee had been agreed upon, and where the attorney having received money of his client was permitted to appropriate it in satisfaction of the fee agreed upon, but here no such state of facts exists. In the case before us, as before stated, appellant's greatest right was to receive one-half of each separate tract of land recovered by him, or one-half of the proceeds of any single tract sold. We do not see how it can be seriously contended that he would have the right to appropriate the whole of the proceeds of the tract of land involved in this controversy merely because his interest in other tracts not so sold was of as great a value as the amount of the proceeds converted. To so permit appellant to do would be to enable him to dictate his own terms of partition and to appropriate money in lieu of land against appellees' consent.

[4] It is also urged that appellees' claim was barred by limitation, but the evidence seems to be against appellant on this issue. Appellees' testimony, as before stated, was to the effect that for a number of years following the sale of the land in 1904 they had repeatedly written to appellant seeking information as to what had been done with their lands, that appellant wholly failed to answer such inquiries, and that appellees did not learn of the sale in question until after they had instituted an independent investi-

gation less than two years prior to the institution of this suit.

[5] There is also a contention that appellant should have been allowed to deduct from appellees' part of the proceeds certain expenses, but the question has not been presented as an independent proposition, but under an assignment alleging that the court erred in rendering any judgment, and this assignment we cannot sustain.

We conclude that all assignments of error must be overruled, and the judgment affirmed.