## FIRST STATE BANK OF EUSTACE v. BOWMAN et al. (No. 1953.)

(Court of Civil Appeals of Texas. Texarkana. March 28, 1918.)

1. LIMITATION OF ACTIONS ⬥145(5)—PAROL AGREEMENT TO EXTEND DATE OF PAYMENT—CONSIDERATION.

A new consideration is essential to a parol agreement, extending the date of payment of a note in order to postpone the beginning of the period of limitation.

2. LIMITATION OF ACTIONS ⬥27 — AGREEMENT TO EXTEND DATE OF PAYMENT.

A parol agreement by payee, extending date of payment in consideration of the payment of interest to extended date, is a new contract, and limitation for such contract is not that for note, but that for parol agreement.

3. LIMITATION OF ACTIONS ⬥141—ACKNOWLEDGMENT OF DEBT—STATUTE.

Rev. St. 1911, art. 5705, providing for extension of the period of limitations, by a written acknowledgment, has no application where payee of a note, by parol agreement, had extended the date of payment in consideration of the payment of interest to extended date; this being a new contract superseding note.

Appeal from District Court, Henderson County; J. S. Prince, Judge.

Action by the First State Bank of Eustace against Sam Bowman and another. Judgment for defendants, and plaintiff appeals. Affirmed.

J. N. Starr, of Athens, for appellant. W. L. Faulk and N. Faulk, both of Athens, for appellees.

HODGES, J. On November 14, 1910, Sam Bowman and wife executed and delivered to the appellant their promissory note for the sum of $575.70 due one year after date and providing for the payment of interest and attorney's fees. To secure the payment of this note they also executed a mortgage on some personal property and 74 acres of land. On January 12, 1916, more than four years after maturity of the note, appellant filed this suit against Bowman, claiming a balance due of $505.45. Some time after the institution of the suit Bowman died, and by an amended original petition his heirs were made parties and the suit continued. In the amended original petition the appellant alleged that by agreement between the parties made before the note was barred the date of payment had been twice extended, and by the terms of the last agreement it was due November 14, 1913, and that as a consideration for that agreement interest had been paid to that date by Bowman. The defendants pleaded limitation generally, and further alleged that the land upon which the mortgage was executed was a part of the homestead of Bowman and wife at the time it was incumbered. In a trial before the court judgment was rendered in favor of the defendants below. The record contains no findings of fact, but the arguments presented in the briefs of the parties indicate that the court based his judgment upon the conclusion that the debt was barred by limitation.

If the maturity of the original note be taken as the date for computing the period of limitation, the appellant's cause of action was barred by the four-year statute, and there was no written acknowledgment sufficient to revive the debt as required by article 5705 of the Revised Civil Statutes. While conceding that fact the appellant insists that, the time of payment having been extended by a valid agreement, the statutes of limitations began to run from the date of payment as fixed in the last contract of extension, which was less than four years before this suit was filed. The note offered in evidence had the following indorsements:

"Cr. by cash                    $ 85.70
Cr. by cash 1–9–12                14.30
Interest paid to Jan.
9–12 & extended to
Nov. 1–12

"Cr. by cash 1–23–13            $100.00
Interest paid to Nov.
14–13.  Extended to
Nov. 14–13."

[1] These furnished the only evidence of the contracts of extension pleaded. It will be observed that each of them was made before the note itself was barred. Assuming that those indorsements alone, without any evidence as to when or under what conditions they were made, were sufficient to prove the making of valid contracts of extension, the question arises, Did the appellant sue before his right expired by the terms of the last contract of extension? That the parties to a note may, by a parol agreement made before the debt is barred, extend the date of its payment and postpone the beginning of the period of limitation, is supported by both authority and sound reason. Heisch v. Adams, 81 Tex. 94, 16 S. W. 790. But to have that effect the agreement must be based upon a new consideration, and must be something more than a gratuitous indulgence on the part of the creditor which adds nothing to the burden of the original obligation of the debtor. Wells v. Moor, 42 Tex. Civ. App. 47, 93 S. W. 220.

[2] An agreement which binds the creditor not to sue prior to the new date, and the debtor to pay interest for the entire period of extension has been held to be a sufficient consideration to support a contract which releases a surety upon a note. Benson v. Phipps, 87 Tex. 578, 29 S. W. 1061, 47 Am. St. Rep. 128. That holding is based upon the ground that the debtor and creditor had substituted a new and valid contract which supersedes that to which the surety was a party. Upon the same principle it would seem that an agreement having all the essentials of a' valid contract may constitute a new and enforceable obligation whose duration is governed by the law applicable to the form in which it is expressed. In this case the indebtedness sued for is not now evidenced by a contract in writing. The note may be evidence of the amount due or which was originally promised, but it is no longer the contract to pay that sum. The indorsements on the note are merely memoranda of the later parol agreement which the parties had entered into. The creditor cannot claim the note as the contract for one purpose and invoke a substituted parol contract to escape its legal effect. There is a difference between the continuation of the same debt and the continuation of the same promise. The promise is what expires in the course of time. The last one made, if accompanied by the essentials of a complete contract, supersedes all others.

[3] Article 5705 of the Revised Civil Statutes is intended to prescribe a method for reviving contracts which have expired by limitation. Under its provisions a written asknowledgment of the justness of the debt, when signed by the debtor, is sufficient to create an obligation to pay the former debt, even without any further consideration. That statute has no application to parol agreements to pay existing debts at a different time and upon different terms when based upon an independent consideration. Limitation in this case began to run against the appellant after the maturity of the last contract of extension, which was November 14, 1913; and the bar was complete two

years later. This suit was not filed till some time in January, 1916, and was therefore too late.

Since the obligation upon which the lien sought to be foreclosed was founded is not enforceable, it is unnecessary to discuss questions relating to its validity.

The judgment of the district court is affirmed.