## POWERS v. SCHUBERT. (No. 6333.)

(Court of Civil Appeals of Texas. San Antonio. March 17, 1920.)

**1. Limitation of actions ⬤⟳187—Where defendant urges limitations plaintiff must set up facts showing statute not applicable.**

Where defendant by exception and plea urged limitations, it was incumbent upon plaintiff to file an amended petition or replication setting up such facts as he depended on to show that the cause of action should be considered for purpose of limitation as having accrued at a time within two years preceding the filing of the suit.

**2. Limitation of actions ⬤⟳95(1)—Cause of action for agent's misappropriation accrues at the time of the wrongful act.**

A cause of action for negligence by or for misappropriation by an agent accrues at the time of the wrongful act, and the statute commences to run at that time, and not at the time of ascertaining damages.

**3. Limitation of actions ⬤⟳50(2)—Cause of action against agent accrued when settlement should have been made.**

Where plaintiff, who had engaged an agent to clear land under an arrangement that the agent should give orders for merchandise, sought to recover from the agent, on the theory that the orders exceeded the compensation agreed, the cause of action, whether deemed one arising out of misappropriation by an agent or an implied promise, accrued at the time the agent should have made settlement.

**4. Limitation of actions ⬤⟳28(1)—That plaintiff allowed defendant engaged to clear land to give written orders on merchants did not render two-year statute applicable.**

Where plaintiff allowed defendant, whom he had engaged to clear land, to give written orders on merchants for merchandise, the fact that defendant gave written orders on merchants for part of the money and goods received does not render the two-year statute inapplicable, on the theory that the contract was one in writing.

**5. Limitation of actions ⬤⟳150(4)—Letter by defendant's agent held not acknowledgment of plaintiff's claim.**

Where defendant, who had cleared land for plaintiff, demanded an additional sum, and the demand, which was written by defendant's agent, adverted to plaintiff's claim, which was supposed to be a small one, and the letter showed that defendant did not know the amount of plaintiff's claim there was no acknowledgment of plaintiff's claim so as to take the same out of the limitation statute.

**6. Appeal and error ⬤⟳1071(5)—Correct judgment should not be reversed because of immaterial finding.**

Where the judgment was correct, it should not be disturbed because of findings of immaterial issues.

**7. Limitation of actions ⬤⟳95(2) — Plaintiff held barred to sue agent where ignorance of his own claim due to his own negligence.**

Where plaintiff engaged defendant to clear land, arranging that orders of defendant for merchandise should be honored and after learning that the work had stopped plaintiff several times wrote defendant for settlement, and defendant did not by any fraud prevent plaintiff from ascertaining the amount of land cleared, *held* that, where plaintiff used no diligence to discover his claim which arose out of the fact that the orders for merchandise exceeded the value of the clearing, plaintiff cannot escape the running of limitations.

Appeal from Guadalupe County Court; J. B. Williams, Judge.

Action by W. R. Powers against Albert H. Schubert. From a judgment for defendant, plaintiff appeals. Affirmed.

Wurzbach & Wirtz, of Seguin, for appellant.

Greenwood & Short, of Seguin, for appellee.

MOURSUND, J. Appellant, Powers, on June 2, 1919, sued appellee to recover $292.70 and $86. The claim for $292.70 was based upon the following allegations: That on or about March 16, 1916, plaintiff and defendant entered into a contract to the effect that defendant would superintend the clearing of certain land for plaintiff, and would draw on certain merchants on plaintiff's account for cash and merchandise, and would be liable to plaintiff for any amounts above those which should accrue under the contract; that defendant between March 31, 1916, and about August 7, 1916, drew $292.72 more than accrued for his services and the payments made to laborers and other expenses. The details were fully stated, but need not be mentioned here. Plaintiff alleged that said sum was converted to defendant's use or negligently paid out by him. The item of $86 was alleged to be due for pasturage.

The defendant's answer consisted of a general demurrer, special exceptions, a general denial, a special answer stating the facts as he contended them to be, and alleging that plaintiff still owed him $180, and a cross-action for said sum of $180.

Plaintiff's first supplemental petition contained various exceptions to the answer and cross-action, a general denial, and a special answer to defendant's allegations.

The defendant in his first supplemental answer specially excepted to plaintiff's petition on the ground that it appeared therefrom that plaintiff's cause of action accrued more than two years before the commencement of the suit, and was therefore barred by the two-year statute of limitation. He also pleaded such statute, and specially de-

⬤⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

nied all allegations contained in plaintiff's pleadings.

Plaintiff by second supplemental petition excepted to defendant's plea of limitation, and then pleaded that a large part of his demand was based upon written orders by defendant, and that on or about July 31, 1918, defendant through his authorized agent, Albert Arend, promised and agreed to pay or settle the account of plaintiff sued upon, said promise or agreement being in writing, and constituting a renewal or extension of the indebtedness sued upon; also that defendant by letters renewed and promised to pay said indebtedness.

Defendant specially excepted to such pleading, and denied the allegations thereof.

Plaintiff by trial amendment pleaded that, in the event it should appear that his cause of action was barred by limitation, then that the cause of action set up in defendant's cross-action accrued more than two years prior to the filing of such cross-action, and was barred by the two-year statute of limitations.

The cause was submitted on special issues, with the result that the jury found defendant owed plaintiff the $292.70 item sued for, and did not owe him the $86 item. The court, over the objection of both parties, submitted certain issues relating to the time when plaintiff discovered that defendant owed him the $292.70 and whether he used reasonable diligence to discover whether there was a difference in the amount received by defendant and the amount he was entitled to receive. These issues, submitted over objection, were treated by the court as immaterial, and judgment rendered for defendant on the ground that the plaintiff's claim for said $292.70 was barred by limitation.

[1] There can be no doubt that plaintiff alleged a cause of action with respect to said $292.70 upon which he could have instituted suit at any time after August 7, 1916.

When the defendant, by exception and plea, urged the statute of limitation, it became necessary for the plaintiff to file an amended petition or a replication setting up such facts as he depended on to show that the cause of action should be considered for purposes of limitation as having accrued at a time within two years preceding the filing of the suit. McDonald v. McGuire, 8 Tex. 361; Oldham v. Medearis, 90 Tex. 506, 39 S. W. 919; Ortiz v. De Benavides, 61 Tex. 60; Pitman v. Holmes, 34 Tex. Civ. App. 485, 78 S. W. 961.

[2] The plaintiff seems to have recognized this general rule; for he filed a replication setting up that the money was partly obtained on written orders, and that there had been a renewal agreement, but did not plead failure to discover that he had a cause of action and use of due diligence. It is contended in his brief that this was unnecessary, and two theories are presented in support of the contention. One is that because defendant was plaintiff's agent a general denial would be sufficient to authorize proof of failure to discover the misapplication or negligence and facts showing diligence to make such discovery; in other words, that the right to sue does not accrue until such discovery or until such time as by the exercise of reasonable diligence discovery could have been made. We find no authority sustaining such contention. A cause of action for negligence or misappropriation by an agent accrues at the time of the wrongful act, and the statute commences to run at that time, and not from the time of ascertaining the damages. Wood on Limitations (4th Ed.) §§ 123 and 200; Meechem on Agency, § 1346; Boyd v. Bœbe, 64 W. Va. 216, 61 S. E. 304, 17 L. R. A. (N. S.) 660, and note; Fortune v. English, 226 Ill. 262, 80 N. E. 781, 12 L. R. A. (N. S.) 1005, and note, 117 Am. St. Rep. 253, 9 Ann. Cas. 77.

[3] In this case, if it be regarded as one upon an express or implied promise to repay, the cause of action accrued at the time the defendant ceased to work for the plaintiff. The distinction between the date of accrual —that is, the date upon which plaintiff could, maintain a suit—and the date to which the beginning of the bar of the statute may be suspended for good cause must not be lost sight of. It appears to us that appellant's theory is based upon a misconception of opinions which do not discuss the question whether the right to sue existed as soon as the wrongful act was committed, but whether the bar of the statute of limitations would be postponed by reason of fraudulent concealment. One of the cases relied on is that of Ash v. Frank Co., 142 S. W. 42, decided by this court. In that case, as is shown by the record, the plaintiff pleaded fully in avoidance of the bar of the statute, relying upon fraudulent concealment and alleging the facts showing what diligence he had exercised. The court did not discuss the question when the cause of action accrued—that is, when plaintiff was entitled to sue—but did discuss the question of when limitation would run in view of the pleadings and evidence. The case was one in which the agent was guilty of actual fraud, in which case mere silence on his part is regarded as a continuation of the fraud and a concealment of the cause of action. American Nat. Bank of Macon v. Fidelity & Deposit Co. of Maryland, 131 Ga. 854, 63 S. E. 622, 21 L. R. A. (N. S.) 962, and note. Appellant also relies on the case of Thomason v. Rogers, 155 S. W. 1040, which was also a case in which fraud was charged, followed by concealment. The opinion fails to disclose the pleadings sufficiently to tell whether the opinion lends any support to appellant's theory. The discussion of the question when limitation began to run was probably in the light of plead-

ings fully raising the issue of postponement, and with no purpose of laying down any such rule as appellant contends for. The case of Hyman v. Grant, 50 Tex. Civ. App. 37, 114 S. W. 853, also cited, can have no possible application; for it merely holds that tenancy can be shown to disprove an allegation of adverse possession in a plea of limitation in a suit for land. The fact of tenancy would rebut the claim that the possession was adverse and would not be in avoidance thereof. The case of Cobb v. Bank, 91 Tex. 226, 42 S. W. 770, was one in which the pleading was ample, and the court recognized the rule that, where a cause of action is based upon an implied trust, the statute of limitations begins to run from the time the right of action accrues, but that the operation thereof may be suspended when there is fraudulent concealment. The opinion in that case does not support appellant's theory.

The other theory is that an agreement was made between plaintiff and the defendant some time after the termination of the work to the effect that they would measure the land in the fall of 1917, and then have a settlement. Appellant contends that such agreement would bring the case within the rule involved in the cases of Stribling v. Moore, 76 S. W. 593, and National Oil Co. v. Taylor, 45 S. W. 478, but this is not correct. In those cases the stipulations concerning weighing or measuring were a part of the very contract sued on, and under the terms thereof the cause of action could not accrue until such stipulation was complied with. In this case the agreement relied on was made after all the work had been done and the cause of action had accrued. It was not pleaded as a part of the original contract, and in fact was not pleaded at all, and the evidence shows that it was made after the termination of the work, and some question had arisen in plaintiff's mind concerning the expenditure of the money.

It being apparent that it was necessary to plead the matter relied on to suspend the operation of the statute, it is evident that all the evidence introduced in an attempt to prove such matters was irrelevant and inadmissible. McDonald v. McGuire, supra. It also follows that the issues relating thereto submitted by the court were immaterial, and not entitled to consideration in the decision of the case. Rich v. Tel. Co., 101 Tex. 466, 108 S. W. 1152; Kelley v. Ward, 94 Tex. 289, 60 S. W. 311; Mecca Fire Ins. Co. v. Moore, 128 S. W. 441; Pyron v. Hodges, 177 S. W. 508; Morris v. McSpadden, 179 S. W. 554.

[4] This is not an action for debt evidenced by a contract in writing. The fact that defendant gave written orders on the merchants for part of the money and goods received by him does not bring the case within the statute. The contract under which the work was done was a verbal one, and in-cluded, according to the petition, an express agreement that defendant would be responsible to plaintiff for any mistakes or overpayments or loss suffered by plaintiff in the performance thereof. Whether the suit be viewed as one upon an express verbal agreement to repay, or an implied agreement, or as one for a tort, it is evident that no ground exists for applying any other statute of limitations than that of two years. Dwight v. Matthews, 60 S. W. 805.

[5] The letter relied on to take the claim out of the operation of the statute was not sufficient for such purpose. It contained a demand that plaintiff pay defendant $78 claimed to be due for supervising the grubbing of the land. It also contained the statement by the agent who wrote the letter that defendant had mentioned that plaintiff claimed to have a small account against defendant, and, if this was the case, to let the agent know the amount, and he would see that they would get the matter straightened without going to court. It is obvious that there was no acknowledgment of the justness of plaintiff's claim, or promise to pay same. The letter discloses that defendant did not know the amount of plaintiff's claim, but believed it to be a small one, and that defendant was asserting a claim growing out of the same transactions upon which plaintiff bases his claim. There was no such acknowledgment or promise as is required by statute. Thompson v. Texas L. & C. Co., 24 S. W. 856.

[6] In view of the foregoing conclusions, it is evident that upon the undisputed evidence relevant to the issues made by the pleadings the defendant was entitled to a judgment with regard to the item of $292.70. Such a judgment was rendered by the court, and we do not believe it should be reversed because of findings upon immaterial issues.

[7] Lest we be met with a suggestion that plaintiff might have amended so as to make the issues material, we will say that, although objection was made to their submission upon the specific ground that there was no pleading, no trial amendment was tendered. We will also say that, had the pleadings been amended and a judgment rendered for plaintiff, we would have been compelled to set the same aside if an appeal had been taken. The evidence is insufficient to postpone the operation of the statute of limitations. Plaintiff, after he learned the work had stopped, wrote defendant several times for a settlement, and asked him for a settlement. The defendant did not by any fraud prevent plaintiff from measuring the land and estimating the amount of his claim. In the spring or summer of 1917 he and defendant met and agreed to measure the land the following fall and then have a settlement. If this agreement was not based upon any consideration, it did not prevent plaintiff from proceeding to measure the land and

file his suit. He exercised no diligence whatever to ascertain the amount of his claim, or whether he had a claim, although he believed he might have one. For somewhat similar facts see Standford v. Finks, 45 Tex. Civ. App. 30, 99 S. W. 449; Cohen v. Shwarts, 32 S. W. 820. If the agreement to measure and settle in the fall of 1917 constituted a new contract such as was considered in the cases of Heisch v. Adams, 81 Tex. 94, 16 S. W. 790, and Bank v. Bowman, 203 S. W. 75, an action thereon, if now pleaded, would be barred by limitation.

We have considered all of the assignments of error, and conclude that the judgment should be affirmed.