**McNEILL v. SIMPSON et al.   (No. 847.)**

Court of Civil Appeals of Texas.   Waco.
Dec. 19, 1929.

Rehearing Denied Jan. 30, 1930.

486

Scott & Jaworski, of Waco, for appellant.
Taylor, Atkinson & Farmer and Aubrey Morris, all of Waco, for appellees.

STANFORD, J. On motion for rehearing. Motion granted. Former opinion withdrawn, and the following substituted in lieu thereof:

This suit was filed April 16, 1928, by appellee B. M. Simpson against appellee H. K. T. Bonds and appellant, A. A. McNeill, upon a promissory note for $1,250, dated January 1, 1923, due one year after date, said note executed by H. K. T. Bonds as maker and appellant, McNeill, as indorser, and payable to the order of appellee Simpson. Said note provided for 10 per cent. per annum interest, and the usual 10 per cent. attorneys' fees. In addition to his pleading on said note, appellee Simpson alleged a verbal contract made about January 1, 1927, by the terms of which appellee Simpson agreed to extend the date for the payment of said indebtedness to January 1, 1928, and not to sue on said indebtedness before that date, and the said Bonds and appellant, McNeill, on their part, agreed to and did pay the past-due interest on said note, and to pay upon said date, January 1, 1928, said indebtedness, including principal and interest. The prayer was for the recovery jointly and severally against both defendants for his debt, including principal and interest.

On May 15, 1928, appellant filed his plea of privilege in proper form, claiming the right to be sued in Bosque county, the county of his residence, etc. On June 12, 1928, appellee Simpson, filed his controverting affidavit, alleging his right to maintain the suit in McLennan county, upon the ground that H. K. T. Bonds, one of the defendants, was a resident of said county, etc. This plea of privilege was by agreement of all parties continued from term to term without prejudice to appellant's right to urge same, until March 12, 1929, when it was tried with the trial of the case on its merits. On March 12, 1929, appellee Simpson filed an amended petition, but not materially different from the original referred to above. On March 4, 1929, the appellee H. K. T. Bonds, the maker of said note, pleaded his discharge in bankruptcy on September 1, 1928. On March 12, 1929, appellant, McNeill, filed amended answer, and, in addition to a general demurrer, special exceptions, and a general denial, alleged that the oral extension plead by appellee Simpson was without consideration, and was therefore void; that said appellee's debt and note were barred by the two and also by the four year statutes of limitation; that appellee's alleged extension was not in writing, and was therefore void. Other defenses not necessary to mention here were pleaded.

On March 12, 1929, the plea of privilege was tried before the court, and overruled, to which action of the court appellant excepted and gave notice of appeal from the order overruling said plea. On the same date the

case was tried to a jury, being submitted on the following special issues:

"(1) Did A. A. McNeill, during the year 1927, on or after January 1st, orally agree with B. M. Simpson that if he, Simpson, would carry the note until January 1st, 1928, that he, McNeill, would pay said note?" To which the jury answered: "Yes."

"(2) Did the defendant, A. A. McNeill, on or after January 1st, 1927, promise B. M. Simpson that if he would carry said note another year, that if Bonds would not pay it, he, McNeill would?" To which the jury answered: "No."

On these findings of the jury the court entered judgment for appellee Simpson against appellant, McNeill, for $1,520. The court also entered judgment denying any recovery against H. K. T. Bonds by appellee Simpson, and denied appellant, McNeill, any recovery against Bonds on his cross-bill. Appellant has duly appealed, and presents the record for review.

■ Under his first proposition, appellant contends the trial court erred in overruling his plea of privilege to be sued in the county of his residence. Whether appellee Simpson's suit was based upon the $1,250 note alone, signed by Bonds as maker and appellant as indorser, or was based upon a verbal agreement between Bonds and McNeill with appellee Simpson, by the terms of which the former agreed with Simpson to pay him the amount of money represented by said note on January 1, 1928, as both were proper and necessary parties to said suit, and as Bonds, one of the defendants, was a resident of McLennan county at the time this suit was brought, the suit was properly brought in said county. Article 1995, Revised Statutes, subd. 4. This proposition is overruled.

■ Under his seventh proposition appellant contends, in effect, that the trial court erred in refusing to instruct a verdict in his favor. The record shows that on January 1, 1923, H. K. T. Bonds, as maker, and A. A. McNeill, as indorser, executed the note for $1,250, payable to the order of appellee, one year after date, said note bearing interest at the rate of 10 per cent., and providing for 10 per cent. attorney's fees. Said note fell due January 1, 1924, and would have become barred by limitation January 1, 1928, if not extended. This suit was filed April 16, 1928. Appellee Simpson does not contend said note was ever extended in the manner required to take it out of the bar of limitation, but does contend that about January 1, 1927, the maker and indorser of said note entered into an oral contract or agreement with him, to the effect that they would pay up two years' past-due interest on said note, and on January 1, 1928, would pay the principal of said note or indebtedness, together with 10 per cent. interest, if plaintiff would carry said note and indebtedness for another year, and that the plaintiff appellee agreed to carry said indebtedness for another year. Whereby the makers became obligated to pay plaintiff on January 1, 1928, an amount of money equal to the principal of said note, with interest thereon from January 1, 1927, to January 1, 1928, at 10 per cent., etc., and plaintiff bound himself not to sue on said note or demand payment of said indebtedness for the period of one year from January 1, 1927.

It is permissible for the parties at interest to enter into a parol contract, based upon a new and additional consideration, by the terms of which the maker agrees to pay the indebtedness represented by the note at a future date, and in such case suit should be based upon the oral agreement, and not on the note, as is held, in effect, in Heisch v. Adams et al., 81 Tex. 94, 16 S. W. 790, and the line of cases following that decision. Appellant contends that appellee Simpson's pleading was not sufficient to bring this case within the rule above announced. We think appellee's pleading was sufficient. It was necessary in his pleading to describe the note, not for the purpose of making it the basis of his recovery, but as furnishing the necessary date to determine the amount of money due from the makers to appellee, and for the same purpose it was necessary to introduce said note in evidence. Heisch v. Adams et al., 81 Tex. 94, 16 S. W. 790. But appellee's pleading sufficiently alleges his right of recovery to be, not upon the promise to pay as contained in the face of the note, for such promise had expired by limitation, but upon the oral promise or agreement made about January 1, 1927, to pay the debt on January 1, 1928. There is a difference between the continuation of the same debt and the continuation of the same promise. The promise is what expires in the course of time. First State Bank of Eustace v. Bowman et al. (Tex. Civ. App.) 203 S. W. 75.

■ But appellant contends there was no valid oral agreement to extend the time of payment of the indebtedness from January 1, 1927, to January 1, 1928, in that there was no sufficient consideration. The makers of the note agreed to pay up two years' past-due interest, and on January 1, 1928, to pay the principal of said note, including the interest up to said date, if appellee would carry said note to said date, to which appellee agreed. The makers of the note thereby secured the benefit of the forbearance; the holder of the note thereby secured an interest bearing investment for a definite period of time. As said by Chief Justice Gaines, in Benson v. Phipps, 87 Tex. 578, 29 S. W. 1061, 47 Am. St. Rep. 128:

"But a promise to do what one is not bound to do, or to forbear what one is not bound to forbear, is a good consideration for a contract. In case of a debt, which bears interest either by convention or by operation of law, when an extension for a definite period is agreed upon

by the parties thereto, the contract is that the creditor will forbear suit during the time of the extension, and the debtor foregoes his right to pay the debt before the end of that time. The latter secures the benefit of the forbearance; the former secures an interest bearing investment for a definite period of time."

Under the well-settled law of this state, the oral contract of extension in this case was a valid and binding contract. Benson v. Phipps, 87 Tex. 578, 29 S. W. 1061, 47 Am. St. Rep. 128; Kraus v. A. H. & D. H. Morris et al. (Tex. Civ. App.) 245 S. W. 450; Remy v. Sayeg (Tex. Civ. App.) 13 S.W.(2d) 472. It is evident the promise contained in the note was barred by the four-year statute of limitation when this suit was filed. However, before the note became barred, the makers by oral agreement having obligated themselves to pay the indebtedness on January 1, 1928, appellee's cause of action on said oral contract would not be barred until two years after said date. Article 5526, subd. 4, Revised Civil Statutes; First State Bank v. Bowman (Tex. Civ. App.) 203 S. W. 75. Appellee's cause of action being based upon the oral contract to pay said note, which is, in effect, the same as an agreement to pay the indebtedness evidenced by said note, and the same not being barred, he was entitled to recover. The record shows appellee, at the request of the makers of said note, made extension thereof of one year each from January 1, 1924, to January 1, 1927, inclusive, under promise of payment at the new maturity date. To permit them to thus secure extensions under oral promise to pay until the note upon its face appears to be barred by limitation, and then plead limitation and defeat the debt, notwithstanding their repeated promises to pay, cannot be approved in a court administering both law and equity. We think such conduct should operate as an estoppel to plead limitation. Kraus v. A. H. & D. H. Morris et al., supra.

We have considered all of appellant's assignments, and, finding no reversible error, we overrule same. The judgment of the trial court is affirmed.

GALLAGHER, C. J., not sitting.