## ZUEHLKE v. IRVIN et al.
### No. 7532.

Court of Civil Appeals of Texas. Austin.

Oct. 22, 1930.

Rehearing Denied Nov. 5, 1930.

John Simmang and E. T. Simmang, both of Giddings, for appellant.

Thos. W. Thompson, of Giddings, for appellees.

BLAIR, J.

On October 22, 1929, appellant sued appellees on their note for $189.80, which was due October 1, 1925. Appellees specially excepted to the action on the ground that it was barred by the four years' statute of limitation (Rev. St. 1925, art. 5527). Appellant answered, both in the justice court and in the county court on appeal, that on September 11, 1928, after maturity of the note, but before it was barred by limitation, appellees requested him not to sue on the note and to

extend the time of payment one year, or to October 1, 1929; that in consideration of the extension of time of payment, appellees then paid all interest due and agreed to pay the interest accruing in the future on said indebtedness; and that appellant was suing on the new parol agreement to pay the debt evidenced by the note, which new agreement was not barred until two years after it matured. Appellees then specially excepted to the action on the ground that article 5539 (Rev. St.) required the acknowledgment of the justness of a debt barred by limitation to "be in writing and signed by the party to be charged thereby." The trial court sustained this exception, and, upon appellant's refusal to amend, rendered judgment that appellant take nothing by his suit; hence this appeal.

■ The trial court erred in sustaining the exception and in rendering judgment against appellant. The statute quoted has no application, because the indebtedness represented by the note was not barred when the parol promise to pay same was made. On the back of the note was this indorsement: "9—11—28. Int. paid and extended to 10—1—29." Appellant sued upon the alleged parol promise to pay the indebtedness represented by the note which was not barred at the time the parol agreement was made. Numerous authorities hold that the above statute has no application under such facts; and further hold, in substance, that parties to a note may, by parol agreement made before the debt is barred by limitation, extend the date of payment of the indebtedness represented by the note for a new and valuable consideration; that in such case suit should not be upon the note but upon the oral agreement, and that limitation begins to run two years after the maturity of the oral agreement, which in this case would have been October 1, 1931. These authorities also hold that an extension of time of payment of a pre-existing debt with the payment of interest then due, and the further agreement to pay interest accruing in the future, constitute a new and valuable consideration for the oral agreement or promise to pay the indebtedness within the contemplation of the above rule. Heisch v. Adams, 81 Tex. 97, 16 S. W. 790; Benson v. Phipps, 87 Tex. 578, 29 S. W. 1061, 47 Am. St. Rep. 128; Adkins-Polk Co. v. Rhodes (Tex. Com. App.) 24 S.W.(2d) 351; McNeill v. Simpson (Tex. Civ. App.) 24 S.W.(2d) 485, 487; First State Bank v. Bowman (Tex. Civ. App.) 203 S. W. 75; Kraus v. Morris (Tex. Civ. App.) 245 S. W. 450; Remy v. Sayeg (Tex. Civ. App.) 13 S.W.(2d) 472; Wells v. Moor, 42 Tex. Civ. App. 47, 93 S. W. 220.

The case will be reversed and remanded for a trial upon the alleged oral agreement or promise to pay the indebtedness.

Reversed and remanded.