**STEWART v. STEWART et al.**

No. 6306.

Court of Civil Appeals of Texas. Texarkana.

Oct. 17, 1947.

Rehearing Denied Oct. 30, 1947.

Shead & McGaw, of Longview, and Lamoin Oldham, of Tulsa, Okl., for appellant.

Cecil Storey, J. N. Saye and Charles Yonge, all of Longview, for appellees.

HALL, Chief Justice.

This suit was instituted by appellant against appellees Barnard Stewart and wife to set aside a deed executed and delivered by him to appellees on February 25, 1946, conveying a house and lot in the city of Longview, Texas. As grounds for setting aside the deed appellant avers that on the date of its execution he was "mentally incapable of knowing or understanding the nature and extent" of his acts. In the alternative appellant prayed for a recovery of the sum of $500, being the amount of a note given by appellees for part of the purchase price and for a foreclosure of the vendor's lien securing said indebtedness. Appellees' answer admitted the purchase of the house and lot from appellant for a consideration of $1,000; $500 cash and $500 evidenced by a note payable in monthly installments of $50 each, with vendor's lien retained. Appellees allege further that shortly after the conveyance of the house and lot to them by appellant they learned of a mechanic's lien against the property in favor of A. H. Barker, deceased, and as a consequence stopped payment of the check given appellant for the cash portion of the consideration, "Because as herein alleged, that the property he was purchasing from the plaintiff was represented to him, by the plaintiff to be free and clear of all liens and incumbrances; that at the time he made the original contract with the plaintiff, he relied upon the statements and representation of the plaintiff that the property was free and clear of all liens and incumbrances; that he was induced to make the contract, by reason of such representations, and but for same, would not have entered into said original contract. * * * That plaintiff, being aware of the fact that the mechanic's lien note was against said lot and premises, still insisted upon the defendant going through with said trade, notwithstanding said mechanic's lien indebtedness. * * * That under the circumstances, the plaintiff and this defendant agreed to modify the terms of the original contract, in this respect, that this defendant would pay the plaintiff $500.00 in money and he would assume and take up the $216.00 mechanic's

lien indebtedness, making a total consideration of $716.00, which he avers was a fair price for said property, and the plaintiff agreed that he would accept the $500.00 and release to this defendant the $500.00 vendor's lien note this defendant was to give the plaintiff under the original contract. That each of said parties agreed to such modification of the original contract, and that this defendant fully performed his part of the same and was placed in possession of said property, which possession he has had ever since; that the plaintiff performed his part of said modified contract by releasing and delivering to this defendant the vendor's lien note in the sum of $500.00. That said contract, as modified, was thoroughly understood by and between said parties and fully performed by each of them."

The trial was to a jury resulting in a verdict favorable to appellees, and based upon said verdict judgment was entered for them.

Appellant's points one and three assert (a) that the trial court erred in permitting appellees to set up in their amended answer a modification of the original sale of the real property for the reason that said modified agreement was without consideration and void; and (b) because said modification of said original contract was in violation of the statutes of fraud. These two points present the controlling issue here.

The jury upon sufficient evidence found that appellant had the mental capacity to enter into said agreements. No question is presented with respect to this portion of the judgment and we shall take no further notice of appellant's alleged incapacity to enter into the two contracts.

The facts show that on February 25, 1946, appellant conveyed his combination store building and home and the lot upon which it is located to appellees by warranty deed for a consideration of $1,000, $500 in cash and one note for $500 secured by vendor's lien, payable in installments of $50 per month. Appellees gave their check, drawn on a Florida bank, to appellant for $500 to cover the cash payment. Appellees also signed the $500 note and delivered it to appellant, who in turn delivered the deed to appellees. Shortly thereafter appellees learned of the existence of an unsatisfied mechanic's lien against said property in the sum of $216. They immediately stopped payment on the check. When appellant learned that the payment of the check had been stopped he went to appellees and demanded payment. He was informed by appellees of the existence of the mechanic's lien. With respect to what happened at this time, appellee Barnard Stewart testified: "He persisted in saying that he didn't owe the money and I told him that he did and that we would have to do something, I couldn't buy the property like that with a lien against it because she was already to foreclose, and I was just throwing money away, and I asked him if he wanted to pay that lien off and he said no, he didn't owe it, and I said 'It has to be paid off, would you rather I paid it off myself with cash and in return you give me a release of that vendor's lien against my property, or do you want to pay it, or which way do you want to do it?' And he said I could go ahead and pay this lien off with cash money and he would give me a release of the vendor's lien note he held against the store property up there. We agreed to do that and I relied on what he said. That induced me to make the agreement with him. If he hadn't done that, I wouldn't have made it."

There is no testimony in the record from appellant with respect to this phase of the case for the reason that he asserts he knew nothing of either of the trades or contracts and therefore he was not able to enlighten the court and jury in any manner whatsoever. The sheriff testified that appellee Barnard Stewart paid the $500 cash to appellant in his presence and appellant said that he was satisfied. Pursuant to said last agreement appellees paid off the mechanic's lien and received a release from the holder of same and appellant released the vendor's lien note, as per the last agreement. After this last contract had been consummated, and in reliance upon same, appellees made permanent and valuable improvements on the property.

Appellant contends that the original sale of the property, being a completed contract, could not be varied by another contract not in writing, and that "the purported agreement (as testified by appellee Barnard Stewart) was without consideration and void." The new agreement provides for the payment by appellees of the mechanic's lien indebtedness amounting to $216 and a release by appellant of the vendor's lien note for $500, executed by appellees as part of the purchase price for the property. On the face of the record the mechanic's lien indebtedness was barred by the four years' statute of limitation, and as to appellees, purchasers of the property, it was conclusively presumed to have been paid. R.S. Art. 5522; Yates v. Darby, 133 Tex. 593, 131 S.W.2d 95. The record reflects, however, that they thought suit would be instituted by the holder of said indebtedness and refused to pay the consideration until said mechanic's lien was satisfied. Under the new agreement appellees paid appellant's debt evidenced by the mechanic's lien. This debt, though barred and presumptively paid, constituted a moral obligation of appellant "til the end of time." Bellamy v. Oklahoma Farm Mortgage Co., Tex.Com.App., 278 S.W. 180, 182. We have concluded, then, that the payment by appellees of appellant's moral obligation amounting to $216 constitutes a valuable consideration for the last contract. There was nothing to keep appellant from paying off the mechanic's lien himself or from contracting with another person to pay it for him. This he did, and at the same time as a part of said deal cancelled the vendor's lien note given by appellees as part purchase price for the property. On its face, this may seem to be an improvident contract on the part of appellant to cancel a $500-note, secured by a vendor's lien on the property, in consideration of appellees' paying off a $216 moral obligation for him, but we are not concerned with the contract made by the parties any further than to ascertain that it is not in violation of law nor against public policy. However, in this connection appellee Barnard Stewart testified in effect that it would have been easier for him to have paid the $500 vendor's lien note according to its terms, that is, $50 a month, than to pay the $216 mechanic's lien all at one time because it was hard for him to get up the cash with which to make the payment. McNeill v. Simpson, Tex.Civ.App., 24 S.W.2d 485, affirmed Tex.Com.App., 39 S.W.2d 835.

With respect to the contention that the latter contract was oral and was therefore inhibited by the statutes of fraud, we think an answer to that contention is, that, conceding such facts to be true, the contract was an executed one, all of its terms having been complied with by the parties thereto, and the appellees in good faith having made permanent and valuable improvements upon the property, would be sufficient to remove said contract from the statutes of fraud and give it binding effect There is no question in this record but that the latter contract had not only been performed by the appellees but had also been performed by the appellant. Each party had done everything required by the latter contract. In such circumstances, and especially where one party as here, in reliance upon the contract, has entered upon the property with the consent of the other party and made permanent and valuable improvements thereon, appellees will not be disturbed in their possession. The following cases we think have direct bearing: Kistler v. Latham, Tex.Com.App., 255 S.W. 983; Southern Building & Loan Association v. Jackson, Tex.Civ.App., 290 S.W. 266. See also Ware v. Fairbanks-Morse Company, Tex.Civ.App., 217 S.W. 211; Weeks v. Stevens, Tex.Civ.App., 155 S.W. 667.

We have carefully examined all other points advanced by appellants. They are without merit and are respectfully overruled.

The judgment of the lower court is affirmed.