John McCLELLAND, Appellant,

v.

Marjorie PETERSON, Appellee.

No. 16061.

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 29, 1973.

Rehearing Denied May 3, 1973.

Gordon L. Ginn, Houston, for appellant.

Eastham & Meyer, Sam Dawkins, Jr., Houston, for appellee.

PEDEN, Justice.

Plaintiff appeals from the granting of defendant's motion for summary judgment. Defendant's motion alleged that the plaintiff's suit on an oral agreement was barred by the two-year statute of limitations, Article 5526, Vernon's Ann.Texas Civil Statutes.

Appellant's only point of error is that the trial court erred in finding that the

pleadings and depositions on file show an absence of any genuine issue as to any material facts and in granting summary judgment for the appellee as a matter of law.

In his petition plaintiff Mr. McClelland alleged that on or about January 26, 1969 he and defendant Mrs. Peterson entered into an agreement whereby plaintiff was to perform certain investigative services and to act as a business and financial consultant for the defendant during the pendency of her divorce suit, these services to be paid for at the rate of $25 per hour. That after entry of the judgment in her divorce case, the parties agreed that plaintiff would continue to act as her business and financial consultant, that plaintiff should be paid $13,500 for services already performed and that payment, which would be deferred until March 22, 1970, would consist of the transfer of 545 shares of stock of a certain Hempstead, Texas, bank.

That on March 22, 1970 defendant refused to transfer the shares of stock and still refuses to do so, to plaintiff's damage in the amount of $13,500, the reasonable market value of the shares on that date. Plaintiff's petition also prayed for an attorney's fee of $4,500.

By her motion for summary judgment the defendant alleged that the plaintiff's suit was to recover for alleged personal services which terminated in November, 1969 and that the pleadings and depositions on file show that the plaintiff's cause is barred by Article 5526, since it was commenced more than two years after it accrued.

Plaintiff's petition was filed on December 22, 1971. Appellant's deposition was before the trial court as part of the summary judgment evidence. In it he described the oral agreement he had made with Mrs. Peterson and the 300 hours of work he had done pursuant to it. He related that her divorce was granted on June 30, 1969, and that his services had been rendered in her behalf until she wrote to him on November 19, 1969 terminating their business relationship. Appellant produced a letter he testified he had written to the defendant on December 30, 1969, stating "my fee for services rendered in your behalf from February 13, 1969, through November 15, 1969, shall be, as per your offer and my acceptance . . ." $13,500 to be paid in shares of stock in the Citizens State Bank of Hempstead, Texas.

He testified that in the parties' meeting on November 14, 1969 it had been agreed that payment would be made by means of the stock certificates but that payment would be delayed until she renewed her note at the First City National Bank in Houston, where the stock was being held as security for a loan.

He said he had not talked to the defendant since the week-end of November 15, 1969, and that his next communication from her was a letter on September 29, 1970. Its contents are not in the record before us.

The summary judgment evidence discloses that more than two years and one month elapsed between the termination of the oral agreement and the filing of the plaintiff's petition.

■ In summary judgment proceedings, when a defendant establishes the applicability of a statute of limitations he is entitled to prevail unless the plaintiff comes forward with proof showing some excuse for delay. Axcell v. Phillips, 473 S.W.2d 554 (Tex.Civ.App.1971, writ ref. n.r.e.), citing cases.

Plaintiff urges us to apply the holding in Zuehlke v. Irvin, 32 S.W.2d 868 (Tex.Civ.App.1930, no writ) to the facts in our case. In the Zuehlke case the court held that parties to a note may by parol agreement made before the debt is barred by limitation, extend the date of payment of the indebtedness represented by the note for a new and valuable consideration.

And it was held in Kraus v. Morris, 245 S.W. 450 (Tex.Civ.App.1922, no writ), that

if the parties to a transaction, by an agreement based on sufficient consideration, extend the time for payment of the obligation, the statute of limitations does not begin to run until expiration of the period of extension. See 37 Tex.Jur.2d 370, Limitation of Actions § 187.

We sustain appellant's point of error. In his deposition he testified that appellee had been obligated under their agreement to pay him $25 for each of his 300 hours' work but that on November 14, 1969 (before limitations had run) she had agreed to pay him in shares of stock valued at $13,500, payment to be made when her note at the First City National Bank came up for renewal. The appellant testified that the date when the note was to be renewed was in November of 1970.

In view of this evidence we cannot say that the defendant was entitled to summary judgment as a matter of law.

Reversed and remanded.