JOHN G. WRIGHT ET AL. v. J. M. DEAVER, COUNTY JUDGE, ET AL.

Decided October 29, 1908.

**1.—Principal and Surety—Officer.**

The sureties of a justice of the peace were not released from liability on his bond, for costs due other officers and collected by him, by the failure of the person entitled thereto, knowing that such money had been collected, to notify them of the fact.

**2.—Same—Release by Extension of Time.**

Where a county attorney, entitled to fees of office which had been collected by a justice of the peace, agreed with the latter that he might, in consideration of the payment of interest, retain the money for a definite time after

it became payable, the sureties of the justice were thereby released from liability for its payment.

### 3.—Same—Ruling Limited.

The rule that the sureties of an officer were released by a contract extend·ing the time for payment of money collected and held by him as fees due another officer, rests on the same principle as in the case of sureties of a private person, that is, that the contract deprived them of an existing right to discharge the obligation at once and proceed for reimbursement against their principal; but, it seems, might not extend to cases where another than the officer inter·ested and making such contract (as the county treasurer, under Sayles' Stats., arts. 2495o, 2495m) was entitled to receive payment of the fees.

### 4.—Practice on Appeal—Pleading.

Error in overruling demurrers could not be held to have been cured by amendment interlined on leave, where the record did not show such amendment.

### 5.—Principal and Surety—Officer—Agreement Changing Nature of Liability.

Where an officer entitled to fees which had been collected by a justice of the peace consented that the latter might apply to his personal use the money so held, the character of the debt was changed from an official obligation to a loan, and the sureties on the bond of the justice were released from liability.

Appeal from the County Court of Red River County. Tried below before Hon. J. M. Deaver.

*Sturgeon & Hale,* for appellants.

*Kennedy & Robbins,* for appellee.

WILLSON, Chief Justice.—This suit was by Deaver as county judge of Red River County, for the use and benefit of A. L. Robbins, county attorney of said county, against T. Theo. Thompson, as a former justice of the peace for said county, and John G. Wright and S. H. Grant, as the sureties on his (Thompson's) official bond. It was alleged in the petition that Thompson as justice of the peace had collected as costs due to Robbins as county attorney, sums aggregating $373.25 and converted same to his own use. Thompson answered, pleading payment of $23.25 of the sum claimed and confessing liability for the balance of $350. Wright and Grant answered by a general denial and, among other things set up as a defence, alleged, in effect: (1) That Robbins knowing that Thompson had collected and failed to pay over to him costs due him, had neglected to notify them of the fact; and (2) that without their consent, after said costs had been collected and were due and payable to him by Thompson, Robbins had agreed with Thompson to extend the time for the payment of the same to a "fixed and definite time" unknown to them, in consideration of Thompson's undertaking to pay said Robbins ten percent per annum interest on the sum due him. Exceptions to the special matter specified were sustained by the court. The trial resulted in a verdict and judgment in favor of Deaver, for the use and benefit of Robbins, against Thompson, Wright and Grant for the sum of $350, and in favor of Wright and Grant, on their prayer therefor in such an event, over against Thompson for a like sum. The appeal is prosecuted by Wright and Grant alone.

We think the trial court did not err in sustaining the exceptions to the answer, in so far as they applied to the allegations that Robbins, knowing Thompson had collected and neglected to pay over the costs, had failed to notify the sureties of the fact. Such knowledge on the part of Robbins, and failure to notify the sureties thereof, would not be a defense to the suit. 1 Brandt on Suretyship and Guaranty (3d ed.), sec. 272; Halletsville v. Long, 11 Texas Civ. App., 180; Screwmen's Association v. Smith, 70 Texas, 168; Page v. White S. Machine Co., 12 Texas Civ. App., 327; Fassnacht v. Emsing-Gagen Co., 63 Am. St. Rep., note, page 334.

But in sustaining exceptions to that part of the answer setting up as a defense to the suit as against the sureties, that Robbins, without their consent, had agreed with Thompson, in consideration of the latter's undertaking to pay him interest on the sum due, to let Thompson retain the money until a definite time in the future agreed upon between them, the court, we think, erred. It is well settled that such an agreement between parties to a private contract will discharge sureties who otherwise would be bound for its performance. 1 Brandt on Suretyship and Guaranty, sec. 376; Benson v. Phipps, 87 Texas, 578. We see no reason why the rule should not be applied in a case like this. The reason most commonly assigned for its existence is the impairment by such an agreement of the right of the surety, at any time after the debt of his principal becomes due, to pay it and proceed against his principal for indemnity. The reason applies as strongly in favor of the sureties on an official bond, where the principal in such a bond and a person who is the sole beneficiary thereunder so far as it secures a specific debt, by an enforcible agreement between themselves, extend the time for the payment of the debt beyond the time when it is the duty of the principal to pay it. In such a case, as in the case of sureties on a private bond or other contract, the sureties would have a right on the failure of their principal to pay over the sum collected when collected, to pay same to the person entitled to it and proceed against their principal for indemnity on account of such payment. This right in them would be as certainly impaired as would be the right of sureties on a private contract under similar circumstances. Perhaps the rule stated should not be held to apply in favor of sureties on an official bond if the officer to whom the costs when collected were payable might not in any event be the sole beneficiary of the security for their payment furnished by the bond. Such might be the case in a county where the Act 1897 (Sayles' Stat., arts. 2495c to 2495m) requiring the excess of costs collected above sums specified in favor of officers specified to be paid over to the county treasurer, was in force. But as made by the pleadings, the case before us does not appear to be of that character, and the effect of an agreement on the part of the officer to whom the cost should be paid to extend the time for such payment beyond the time contemplated by law need not be determined.

In appellant's brief it is asserted that after the exceptions urged to the portion in question of the answer were sustained, appellants were granted leave to amend and did amend by interlineations in the pleading excepted to, and so cured the defects pointed out in the exceptions. But we can pass on the case only as it is made by the record. It does

not show such an amendment to have been so made. On the contrary, it appears the exceptions to the portions of the answer recited were sustained, and by this we are bound.

Appellants requested the court to charge the jury as follows:

"I charge you, gentlemen of the jury, that if you believe from the evidence that Theo. Thompson, as justice of the peace, Precinct No. 3, Red River County, Texas, collected money which belongs to the said A. L. Robbins as fees in criminal cases pending in his court, and if you further believe that the said Thompson spent said money for himself, yet I charge you that if you believe that he spent said money by the consent of the said A. L. Robbins, you will find for the defendants Wright and Grant."

The court refused to so instruct the jury, and appellants urge that such refusal was error.

In addition to allegations in their answer hereinbefore referred to, appellants alleged that Robbins, with knowledge that the costs due him had been collected by Thompson, agreed that the latter might retain and use same. Thompson testified that when he remarked to Robbins that he (Thompson) was "behind some with the county attorney's office," Robbins replied: "That is all right, Theo, use every dollar of it if you need it."

We think the issue suggested by the instructions requested arose on the pleadings and evidence referred to, and agree that it was error to refuse the charge requested. If, after Thompson had collected the costs in question, Robbins waived his right to have same paid over to him and agreed that Thompson might use the money for his own benefit, such waiver and agreement we think should, as to the sureties, be treated as a loan of the money by Robbins to Thompson. If it should be so treated, then it should be held to operate as a discharge of the sureties. "As a general rule," says Brandt (2 Suretyship and Guaranty, sec. 641), "the sureties on an official bond will be discharged by any authorized dealings between the principal and the obligee which varies their situation or increases their risk. Thus, where a constable collected money on an execution and tendered it to the creditor, who did not take it, but told the constable he might keep it for several weeks or months, it was held the sureties on the constable's bond were discharged from all liability on account of such money. The court said: 'The effect of letting the money remain in the hands of the constable, whether it be considered a loan or accommodation, placed the plaintiff in execution and the constable in a new relation, to which the surety was neither privy nor party. The plaintiff should not have been liberal at the expense of the security. . . . The plaintiff in agreeing to leave the money in the officer's hands, in effect loans him the money, puts the security in great jeopardy and seriously injures him.'" Hill v. Kemble, 9 Calif., 72, was a case similar to the one from which Brandt quotes. There one Haycock as constable, on an execution in favor of one Hill, collected $217. Haycock placed the money in his safe and notified Hill it was ready for him. Hill replied that he had no use for the money and that Haycock could use it if he wished to do so. Haycock afterwards did use it, and when Hill demanded same was unable to pay it. In affirming a judgment in favor of Haycock's sureties, the Supreme Court of

California said: "The sureties upon the official bond of an officer are only responsible for his official acts, and not for private debts he may contract on his individual account. From the time when plaintiff (Hill) declined to receive the money collected on his execution and gave the officer permission to use it, it became a loan, for which the officer was individually responsible."

The judgment of the court below will be reversed and the cause will be remanded for a new trial.

*Reversed and remanded.*