### F. W. FAMBRO v. P. P. KEITH.

Decided October 27, 1909.

**1.—Promissory Note—Oral Promise of Payee.**

An oral promise by the payee to the payer, made at the time a note is executed, not to enforce the payment of the note according to its tenor and effect, would destroy the obligation evidenced by the written instrument, and would therefore be no defense to a suit upon the note.

**2.—Same—Extension of Time—Release of Surety.**

The extension of an interest bearing debt for a definite period of time upon an agreement between the payee and payer based upon a consideration, will discharge a surety upon the debt, he not being a party to the agreement.

Appeal from the District Court of Shelby County.  Tried below before Hon. James I. Perkins.

*D. M. Short & Sons*, for appellants.—Where the consideration between the principal and the creditor has past and become executed before the contract of the surety has been made, and such contract was no part of the inducement to the creation of the original debt, and where the surety was induced to sign a promissory note evi-

dencing said indebtedness by reason of the statement made at the time by the creditor that such promissory note would never be enforced against such surety, then in such case there is not sufficient consideration to sustain a contract and the same is void by reason of the false statement and fraudulent representation whereby the signature of the surety was secured. American National Bank of Austin v. Cruger, 91 Texas, 445-453; Baker v. Wahrmund, 5 Texas Civ. App., 270.

In case of a debt which bears interest, when an extension for a definite period is agreed upon by the principal and creditor, the payment of the additional interest for the extended time, or the promise to pay by the principal debtor is a new contract upon a valuable consideration which is binding upon the parties thereto and which releases the surety whose name is signed to a promissory note evidencing the debt, the time for the payment of which is extended. Benson v. Phipps, 87 Texas, 578; Burke v. Cruger, 8 Texas, 69; Cruger v. Burke, 11 Texas, 693; Zapalac v. Zapp, 22 Texas Civ. App., 375; 4 Green Texas Digest, 9130, par. 29; Batt's Annotated Civil Statutes, title 84.

*Bryarly, Carter & Walker,* for appellee.

NEILL, ASSOCIATE JUSTICE.—Appellee sued appellant on a promissory note, alleging that the note was made to him on February 21, 1903, by James T. Polley and F. W. Fambro for the sum of $204.50, payable thirty days after date with interest from date at the rate of ten percent per annum; that while the note was signed ·by each maker as a principal, as a matter of fact, Polley was the principal and Fambro his surety thereon; that since the note matured and before the institution of the suit Polley died leaving his estate insolvent.

The defendant Fambro answered by a general denial, and pleaded specially: (1) That he signed the note as an accommodation surety at the request of· Polley and upon the representation made him by plaintiff when such request was made that the note would never be enforced against him, and that he relied upon and was induced by such representation to place his signature to the instrument; and (2), that after the note matured the plaintiff, without his consent, in consideration of an agreement made with him by Polley to pay the interest accruing thereon, extended its time of payment of the note for thirty days, and that by reason of such agreement and extension defendant was discharged from further liability. Exceptions to both special pleas were sustained, the case was tried by jury and judgment rendered against the defendant for the amount, principal and interest due.

That the first special plea offered no defense to the action is too obvious for discussion. It involves the absurdity that an oral promise of the payee to the payer, made when a note is executed, not to enforce its payment, destroys the obligation evidenced by a written instrument.

But there is music for the appellant in the other special plea.

For it is held in this State that the extension of an interest-bearing debt, upon an agreement of the parties based on a consideration, for a definite period, is, in effect, a contract that the creditor will forbear suit during the time of extension, and that the debtor forego his right to pay before the expiration of that time; that such agreement is a contract based upon a valuable consideration and binding upon the parties, because the debtor secures the benefit of forbearance, and the creditor an interest-bearing investment for a prolonged and definite period; and, hence, that a surety on the original contract of indebtedness, who has not assented to the agreement extending its time of payment, is released from his obligation, because of the impairment of his right to pay the debt at any time after it became due under the original contract and proceed against the principal for indemnity. (Benson v. Phipps, 87 Texas, 578; Carter-Battle Grocer Co. v. Clarke, 91 S. W., 882; Kearby v. Hopkins, 14 Texas Civ. App., 166.)

We conclude, therefore, that the court erred in sustaining the exception to said plea. Wherefore the judgment is reversed and the cause remanded.

*Reversed and remanded.*