**POYTHRESS v. IVEY et al. (No. 180–3211.)**

(Commission of Appeals of Texas, Section B.
Feb. 23, 1921.)

**1. Pledges ⬤⟞30(2) — Pledgee can foreclose security of collateral note without suing on original debt.**

One to whom a vendor's lien note had been pledged as collateral security for a debt can foreclose the lien without first suing on the original debt.

**2. Pledges ⬤⟞58(6)—Equities between pledgee of note and original debtor adjusted in suit by pledgee.**

In a suit by the pledgee of a note to foreclose the vendor's lien securing it, before suit by him on the debt for which the note was pledged as collateral security, the equities between the maker of the note and the pledgor of the paper as to the excess after satisfying the original amount due by the pledgor can be adjusted by the court, and if the pledgor has no interest in the excess, pledgee can recover only enough to satisfy the balance due on the debt to which the pledge is collateral.

**3. Limitation of actions ⬤⟞172 — Subsequent purchaser cannot rely on limitations as to trust deed not relied on by principal debtor.**

A subsequent purchaser of part of the land covered by trust deed cannot rely upon the statutes of limitations to bar foreclosure of the trust deed, where the original debtor treated the debt secured by the trust deed as continuing, and did not raise the issue of limitations by exception or other pleading.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Suit by Joe Poythress against Mrs. M. E. Ivey and others, to recover indebtedness and foreclose liens upon real property. From so much of the judgment as denied recovery against A. Lindsay and five other defendants, plaintiff appealed to the Court of Civil Appeals, which affirmed the portion of the judgment appealed from (203 S. W. 103), and plaintiff brings error. Judgment reversed in so far as appealed from.

R. H. Smith, of Fort Worth, for plaintiff in error.

Harris & Burton and J. C. Scott, all of Fort Worth, for defendants in error.

SADLER, P. J. This case has presented no little difficulty to ascertaining the true condition of the record. After careful consideration, not only of the briefs and application, but of the record, we have found it advisable to make rather an extended statement of the pleadings, to an understanding of the questions presented.

Joe Poythress on August 21, 1914, filed suit against Mrs. Minnie E. Evans-Ivey, in her individual capacity and as independent executrix of the estate of William M. Evans, deceased, her then husband, Richard M. Ivey, A. Lindsay and wife, V. A. Lindsay, Nelson J. Mebane, Mrs. Mattie Jackson, H. L. Vaughn, W. J. Megs, and J. R. Chambers, to recover certain indebtedness, and for foreclosure of liens upon certain lots in Fort Worth, Tex. The petition states the facts to be that on June 27, 1905, W. E. Evans gave to Poythress his note for $400, bearing 10 per cent. interest from date, providing for 10 per cent. attorney's fees, secured by a deed of trust of even date on lots 2 to 7, inclusive, of block 1, Evans addition to Fort Worth. June 27, 1906, the interest was paid on this note for the preceding year, and by agreement the note extended for one year. The same process was pursued to June 27, 1912. On this date the interest for the preceding year was paid, and the note extended to June 27, 1913. No further payments were made to the date of filing the suit, which was for the recovery of the principal, interest, and attorney's fees accrued from June 27, 1912. The petition does not disclose whether these extensions were in writing or verbal.

October 29, 1910, Evans sold Mebane lots 2 and 3, retaining a vendor's lien thereon to secure 19 notes given by Mebane to Evans, for $20 each, bearing 8 per cent. interest, providing for 10 per cent. attorney's fees, due monthly, the first note becoming due November 29, 1910. Notes Nos. 1 and 2 were paid, and the 17 remaining notes were transferred by Evans' indorsement to Poythress as collateral security to the $400 note.

February 21, 1907, Evans sold to A. and V. A. Lindsay lot No. 6, retaining a vendor's lien to secure one note for $765, of even date with the deed, bearing 8 per cent. interest, providing for 10 per cent. attorney's fees, and payable in monthly installments of $15 each. Poythress released lot 6 from the lien of the deed of trust.

March 9, 1909, Evans gave to Poythress his promissory note for $450, due in one year, bearing 10 per cent. interest, providing for 10 per cent. attorney's fees, and as collateral to that note transferred by indorsement to Poythress the Lindsay $765 note. It was alleged that there remained due upon the $450 note at the time of the filing of the petition $245, with interest from March 9, 1912, and the attorney's fees. After this transaction Evans died, and his wife qualified as independent executrix. The inventory listed the property as community. Shortly after her qualification, plaintiff presented his claim against the estate for $689.30, which was allowed in probate by the executrix and the court.

Mattie Jackson, Vaughn, Megs, and Chambers were sued as asserting some sort of claim to the lots against which the liens were sought to be foreclosed. Judgment was prayed for the recovery of plaintiff's debt against

the makers thereof, and for foreclosure as to all of the defendants, with prayer for general and special relief. Minnie E. Evans-Ivey and her husband and Mebane made no answer. Megs and Chambers answered by general demurrer and general denial. The Lindsays answered by several special exceptions, one of which urged the bar of the four-year statute of limitation against the debt sued upon by the plaintiff. In view of the question presented for decision, it is not necessary to set forth their special pleas in bar. Mattie Jackson, for herself and her vendee, Vaughn, by special exception also urged the four-year statute of limitation against the notes sued upon, and likewise the three, four, five, and ten years statutes as to the title to lot 7.

After hearing the evidence, the trial being before the court, judgment was rendered sustaining the special exceptions to the petition presenting the bar of limitation as to Lindsay and wife, Mattie Jackson, and Vaughn. The court found that plaintiff was entitled to recover against all other defendants, but, following this finding, rendered judgment discharging Megs and Chambers. The appeal was perfected only as to that portion of the judgment which discharged the Lindsays, Jackson, Vaughn, Megs, and Chambers. No appeal was taken from the judgment against the other defendants.

As we understand the record, the sole questions presented are: (a) The error of the court in sustaining the special exceptions urging the pleas of limitation; and (b) the discharge of Megs and Chambers.

The Court of Civil Appeals affirmed the judgment appealed from, leaving undisturbed the other portion of the judgment. 203 S. W. 103. The petition is not subject to the special exceptions urged and sustained by the trial court.

Whether the extensions of the $400 note were sufficient to take the debt out of the bar, or whether the deposit by Evans of the $450 note as collateral to the original note defeated the bar, are immaterial on the demurrer by the Lindsays. The $765 note was not barred at the date of the filing of the suit, so far as the petition shows. It is alleged that 41 payments had been made on this note. Whether any installment was barred became a question of fact under the special issue as to limitation, and is not disclosed upon the face of the petition. It does appear, however, from the allegations that those installments maturing August 27, 1910, and subsequently, were not barred.

It is a question of fact as to whether the subsequent installments were matured in 1908 by failure to pay any installment due during that year at its maturity, and the petition not alleging facts which disclose the maturity of subsequent installments under an absolute accelerating condition in the notes, it remained for the proof to show whether default in payment of an installment ipse matured subsequent installments, or whether it was optional with the holder to declare such future installments due.

[1, 2] Poythress, holding the Lindsay note as collateral, had the right to sue upon that note for the balance due thereon and to foreclose the vendor's lien without reference to the indebtedness due to him by Evans, and without the necessity of suing upon the original debt. This recovery is authorized to the full amount due upon the paper under the rule of innocent purchaser, if the facts so authorize. Whatever equities may be shown as between the Lindsays and the pledgor of the paper with regard to the excess after satisfying the original amount due by the pledgor is subject to adjustment by the court. If those equities are such that the pledgor has no interest in the excess, then the pledgee could recover no more than the amount necessary to satisfy the balance due upon the debt to which the pledge is collateral. Cherry v. Chemical Mfg. Co., 103 Tex. 82, 123 S. W. 689; Wright v. Hardie Co., 88 Tex. 653, 32 S. W. 885; Kauffman v. Robey, 60 Tex. 308, 48 Am. Rep. 264; Brown v. Thompson, 79 Tex. 58, 15 S. W. 168; White et al. v. Downs, 40 Tex. 226.

[3] There is nothing in the petition evidencing a relationship between Mattie Jackson and her vendee on the one part, and Evans on the other, authorizing her to urge the bar of the statute against the debt due by Evans to Poythress. The original debt secured by the deed of trust having been treated as continuing by the original debtor, and no plea of limitation by exception or otherwise having been by him, or those in direct privy with him, interposed, the lien of the trust deed follows the debt.

We are not to be understood as holding that there may not exist circumstances under which Mattie Jackson and her vendee might interpose the plea in order to protect her estate against the lien of the deed of trust, but the petition does not disclose such rights.

The district court having found that the plaintiff was entitled to recovery as against Megs and Chambers, we think it was error to render judgment discharging them. They did not disclaim interest in the land against which the lien was sought to be foreclosed. They relied upon the general denial.

We have not undertaken to discuss the effect of the evidence touching the rights of the Lindsays, Mattie Jackson, and Vaughn, because not relevant to the decision of the question presented.

For the errors indicated, we think the judgments of the Court of Civil Appeals and of the district court as to Mattie Jackson, Vaughn, the Lindsays, Megs, and Chambers should be reversed, and that branch of the case remanded for a new trial. In other re-

spects, the judgment should remain undisturbed.

PHILLIPS, C. J. The judgment recommended in this case by the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission on the questions discussed.