## TEXAS & N. O. R. CO. v. R. R. HARRISON. (No. 1072.)

(Court of Civil Appeals of Texas. Beaumont. March 12, 1924. Rehearing Granted April 2, 1924.)

Appeal from Orange County Court; Ed. S. McCarver, Judge.

D. C. Bland, of Orange, and Baker, Botts, Parker & Garwood, of Houston, for appellant. O. R. Sholars, of Orange, for appellee.

WALKER, J. The facts of this case and the issues involved are identical with those in T. & N. O. Railroad Co. v. Peterson, 260 S. W. 906, this day decided by us, and, for the reasons given by us in our opinion affirming the trial court's judgment in that case, the judgment in this case is also affirmed.[1]

---

## McINTOSH v. BARRETT et al. (No. 1624.)

(Court of Civil Appeals of Texas. El Paso. April 3, 1924.)

Appeal and error ⬤⟳82(3)—Order vacating default judgment of county court interlocutory and not appealable.

In view of Rev. St. art. 2078, providing for appeal or writ of error from "every final judgment" of certain lower courts, an order of a county court setting aside default judgment, being interlocutory, is not appealable.

Appeal from Eastland County Court at Law; J. H. Jones, Judge.

Suit by. Earl J. McIntosh against A. P. Barrett and others. Judgment by default was set aside, and plaintiff appeals. Appeal dismissed.

Owen & Owen, of Eastland, for appellant. Conner & McRae, of Eastland, and Fred S. Dudley, of Fort Worth, for appellees.

HARPER, C. J. The appellant brought suit against Frank Day, Aaron Everett, C. V. Lyman, J. A. Pollard, and A. P. Barrett in county court at law, Eastland county (No. 3672), and at the January term, 1923, took judgment by default.

Thereafter the above defendants filed their petition to set said judgment aside and grant a new trial. No. 3725. At the next term of court, March, 1923, after a hearing before the court the judgment in No. 3672 was "set aside and held for naught," and this appeal is from the latter order. This order being interlocutory, not final, there is no provision of law authorizing an appeal.

Article 2078, Revised Statutes, reads:

"An appeal or writ of error may be taken to the court of Civil Appeals from every final judgment of the district court in civil cases, and from every final judgment in the county court in civil cases of which the county court has original jurisdiction," etc. Stewart v. Jones Adm'r, 9 Tex. 469; Hope v. Long (Tex. Civ. App.) 122 S. W. 40; McVey v McVey (Tex. Civ. App.) 230 S. W. 781.

The appeal is therefore dismissed, because this court is without jurisdiction to entertain it.

---

1. Appeal and error ⬤⟳1187 — Mandate from appellate court necessary to put in force and effect its judgment.

A mandate of the appellate court to the lower court is necessary to put into force and effect the judgment of the appellate court.

2. Mandamus ⬤⟳154(2)—Petition must show every fact necessary to entitle relator to relief sought.

3. Appeal and error ⬤⟳1191—After affirmance of lower court's judgment, time for issuance of mandate by appellate court not limited.

Under Rev. St. art. 1559, where the judgment of the lower court is affirmed by the appellate court, there is no limitation on the time within which a mandate of the appellate court may be issued, though in case of reversal and remand, the time is limited to 12 months.

4. Mandamus ⬤⟳154(2)—Petition to compel performance of affirmed judgment held insufficient for failure to allege issuance of mandate by appellate court.

A petition in a suit for a writ of mandamus to be directed against the county commissioners, requiring their payment of a judgment against the county, which had been affirmed by the Court of Civil Appeals, and concerning which the Supreme Court had dismissed an application for a writ of error, which failed to allege the issuance of a mandate either by the Court of Appeals, or the Supreme Court to the lower court, held not to state facts entitling relator to relief.

Appeal from District Court, Montague County; C. R. Pearman, Judge.

---

⬤⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] T. & N. O. Railroad Co. v. Peterson reversed on rehearing. See 260 S. W. 906.