### TEXAS & N. O. R. CO. v. PETERSON.
### (No. 1073.)

(Court of Civil Appeals of Texas. Beaumont. March 12, 1924. Rehearing Granted April 2, 1924.)

On Rehearing.

**1. Evidence 258(2) — Memorandum as to wages to be paid railroad employee held inadmissible, as not shown to have been written by agent with authority.**

In an employee's action against a railroad for wages due, a memorandum from defendant's general office to plaintiff's foreman as to the wages to be paid plaintiff *held* inadmissible as not shown to have been written by an agent with authority to fix plaintiff's wage.

**2. Master and servant 80(9)—Evidence held insufficient to sustain recovery for wages.**

In an employee's action against a railroad for wages due, evidence *held* insufficient to sustain a finding for plaintiff.

Walker, J., dissenting.

Appeal from Orange County Court; Ed. S. McCarver, Judge.

Action by Jake Peterson against the Texas & New Orleans 'Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

D. C. Bland, of Orange, and Baker, Botts, Parker & Garwood, of Houston, for appellant.

O. R. Sholars, of Orange, for appellee.

WALKER, J. This suit was instituted by appellee against appellant on allegations that he had been employed as crossing flagman at 42½ cents per hour, and that appellant had attempted to settle with him at a less sum. The suit was to recover the difference. On a trial to the jury the evidence was sufficient to sustain their finding in appellee's favor.

The only question necessary for us to review arises on the admission of the contents of a letter, purporting to have been written by appellant fixing appellee's wages at 42½ cents per hour, offered by appellee.

H, N. Free, appellant's section foreman, testified for appellee as follows:

"My name is H. N. Free. I am section foreman for the T. & N. O. Railroad Company at Orange, Tex. Mr. Peterson and Mr. Garrison and several more men were sent out to me by Mayor Lea of Orange to be put on as crossing flagmen. I had instructions from Mr. Micksch to put on men sent out by Mr. Lea. I did not know what the wages to be paid them was, and so told them. They went to work as flagmen, and I wrote in to Houston to find out what the wages for this work would be. I got a memorandum stating that those wages would be 42½ cents per hour. I did not remember who it was signed by but think it came from the general office. I further told these men who were employed as crossing flagmen, after receiving

this memorandum, which I thought was from the general office, that the rate of pay would be 42½ cents per hour. This memorandum was received by me 10 or 11 days after these men started to work.

"I am section foreman and have charge of section men. I have no authority whatever to hire or fire crossing flagmen, and to say what scale of wages shall be."

It appeared that the "memorandum" referred to by this witness was lost. Appellant's objection was to the effect that it did not appear that this memorandum was written by one of its agents with authority to fix appellee's wages.

Agency, as any other fact, can be proved by circumstances. In this case, it appears from the section foreman's evidence that he wrote to appellant's general office, inquiring as to what appellee's wages would be, and that some one in the office answered this letter fixing the wages at 42½ cents per hour. It further appears that this section foreman reported appellee's time at 42½ cents per hour from time to time as the wages accrued, and that no one in the general office ever wrote him that a mistake had been made. It also appears that appellee's last pay check was on the basis of 42½ cents per hour. With this letter from the section foreman on file in its general office, appellant permitted appellee to remain in its employ several months, without notifying him that the memorandum was written by one without authority. During all this time the section foreman who employed appellee and its road master requested him to cash the pay checks received by him, though for a less sum than that claimed, and that the mistake would be adjusted. We think these circumstances were sufficient to make this memorandum admissible.

The judgment of the trial court is affirmed.

On Rehearing.

[1] On this rehearing, my brethren sustain appellant's proposition that the trial court erred in receiving the contents of the "memorandum," because it was not shown that it was written by an agent with authority to fix appellee's wages. For the reasons stated in the original opinion I dissent from this conclusion. Appellee alleged, as a ground of recovery, a specific contract. He tried to prove this contract by circumstances. I think the fact that the section foreman wrote to appellant's general office and received in reply the "memorandum," as well as the other facts set forth in the original opinion, were admissible as circumstances bearing on the issue made by appellee's pleading.

[2] As to whether these circumstances were sufficient to sustain a finding of a contract in appellee's favor, presents a different question, which, in view of the holding of my brethren on the admissibility of the contents

of the memorandum, it is not necessary to discuss. Without the memorandum, clearly, appellee has not offered a chain of circumstances sufficient to sustain a finding in his favor.

It is the order of this court that appellant's motion for rehearing be granted, and that the judgment of the trial court be reversed and this cause remanded for a new trial.