## REMY v. SAYEG. (No. 10329.)

Court of Civil Appeals of Texas. Dallas.
Dec. 8, 1928.

Moroney & Moroney, of Dallas, for appellant.

Hexter, Rice & Hexter, of Dallas, for appellee.

LOONEY, J. John M. Sayeg sued L. B. Remy, and alleged substantially that on December 20, 1921, defendant gave plaintiff his promissory note for $700, due 60 days after date, February 18, 1922, and pledged a diamond scarf pin, of the value of $400, as security; that, about one month after the note matured, the parties entered into a parol agreement, extending the note for one year from its original due date; and further alleged that about October 25, 1926, defendant acknowledged in writing the justness of the debt; wherefore, plaintiff asked judgment for his debt, and foreclosure of the lien on the pledge.

The defendant urged, both by exception and plea, the statute of limitation of two and four years (Rev. St. 1925, arts. 5526, 5527). The case was tried to the judge who, after

overruling defendant's exceptions, rendered judgment in favor of plaintiff for debt and foreclosed the lien.

The questions presented by defendant for reversal arise under his pleas of limitation.

It is evident the note was barred by the four years statute of limitation when the suit was filed; however, plaintiff relies on the parol extension of one year to rescue the claim from the bar. Defendant contends that the agreement to extend was invalid for want of consideration, and further that, even if valid, the cause of action based thereon was barred by the two years statute.

■ The evidence justifies the conclusion that, after the note matured, the parties made a verbal agreement to extend the note for one year from its original due date. Thus impliedly, plaintiff agreed not to sue upon the note and defendant agreed not to pay within the stipulated time. Under the new arrangement, plaintiff secured the benefit of an interest-bearing obligation for a definite period, and defendant secured the benefit of forbearance for the same period. These facts, in our opinion, evidence a valid extension agreement.

The leading case in this state on this subject is Benson v. Phipps, 87 Tex. 578, 580, 29 S. W. 1061, 47 Am. St. Rep. 128. This has been cited and followed in the following, to wit: Delta County v. Blackburn (Tex. Civ. App.) 90 S. W. 904; Carter-Battle Grocer Co. v. Clarke (Tex. Civ. App.) 91 S. W. 882; Wright v. Deaver, 52 Tex. Civ. App. 130, 114 S. W. 165; Fambro v. Keith, 57 Tex. Civ. App. 302, 122 S. W. 40; Matthews v. Towell (Tex. Civ. App.) 138 S. W. 169; Manes v. Bletsch (Tex. Civ. App.) 239 S. W. 307, 308; Howth v. Case (Tex. Civ. App.) 280 S. W. 238, 241; Case v. Howth, 116 Tex. 434, 438, 293 S. W. 800.

■■ We agreed with appellant, however, that the cause of action, based on the parol extension agreement, was barred by the two years statute when the suit was instituted.

Where a new promise, such as the one under discussion, is relied upon to avoid a plea of limitation, whether made before or after the bar is complete, it constitutes the cause of action and must be declared upon. Coles v. Kelsey, 2 Tex. 542, 47 Am. Dec. 661; Howard v. Windom, 86 Tex. 560, 565, 26 S. W. 483; Cain v. Bonner, 108 Tex. 399, 401, 194 S. W. 1098, 3 A. L. R. 874. Where the new promise rests in parol, the two years statute controls. Article 5526, subdivision 4, R. S. 1925; First State Bank v. Bowman (Tex. Civ. App.) 203 S. W. 75, 76.

As the extension expired February 18, 1923, the cause of action based thereon was barred by the two years statute prior to the institution of the suit.

■■ Plaintiff also relies upon a written acknowledgment of the justness of the debt to remove the case from the bar. The letter of the defendant relied upon is as follows: "I am perfectly willing to pay the note if Mr. Sayeg will return to me the same diamond that I put up for collateral. This pin will have to be passed on by the man from whom the pin was purchased in New York."

This letter, in our opinion, is a sufficient acknowledgment of the justness of the claim to avoid the plea of limitation. The implication is inescapable that, by expressing a willingness to pay on return of the diamond pledged as security, defendant recognized the note as a just and subsisting obligation against him. The note mentioned in the letter is evidently the one involved in the suit; if not, the burden was upon defendant to show to the contrary (Mitchell v. Clay, 8 Tex. 443, 447). So we conclude that the letter was a sufficient acknowledgment to take the case from the bar of limitation.

Defendant contends further that the offer to pay was conditional, and that plaintiff failed to aver and prove compliance with the stipulation, or that he was ready, able, and willing to comply.

■ Where a debt is barred, the debtor is at liberty to prescribe the terms on which he is willing to pay, and the creditor can only avail himself of the new promise upon these terms. Mitchell v. Clay, 8 Tex. 443; Salinas v. Wright, 11 Tex. 572, 575; McDonald v. Gray, 29 Tex. 80; Rowlett v. Lane, 43 Tex. 274, 276.

■ Defendant's offer to pay was conditioned on the return to him by plaintiff of the same diamond pledged as security. This was the vital fact, and as a means of identity he stipulated that the question should be passed upon by the man in New York from whom the pin was purchased. This stipulation was never complied with in terms, but we find from the undisputed evidence that plaintiff accepted defendant's terms and offered to have the identity of the pin passed upon by the man in New York from whom it was purchased, but was unwilling to surrender the pin to defendant unless his debt was first paid. At the trial, plaintiff produced a diamond stick pin and testified, that it was the original pin pledged by defendant and offered to deliver same to defendant on payment of the debt. After hearing the evidence, the court rendered judgment in favor of plaintiff for the debt and foreclosed the pledgee's lien on the diamond pin, evidently on a finding, among others, of the fact that the pin exhibited in court was the identical one pledged.

Believing the court was justified in finding that plaintiff accepted defendant's proposal and endeavored to comply, and did substantially comply, we are unwilling to disturb the judgment, and it is accordingly affirmed.

Affirmed.