### STOUTZ et al. v. AMARILLO BANK & TRUST CO. et al.

### No. 4391.

Court of Civil Appeals of Texas. Amarillo.
April 8, 1935.

Rehearing Denied May 6, 1935.

Henry L. Ford, of Amarillo, for appellants.

Stone & Guleke and Reeder & Reeder, all of Amarillo, for appellees.

HALL, Chief Justice.

On September 1, 1932, R. W. Stoutz and John R. Stapp purchased certain real estate from W. N. Cooper and wife, Goldie Cooper, Amelietta Driscoll, Lelah Johnston and her husband, E. A. Johnston, Jr., and as part payment executed three notes in the sum of $466.66 each, payable to the order of Goldie Cooper, Amelietta Driscoll, and Lelah Johnston. A vendor's lien was expressly retained to secure the payment of these notes. Thereafter, on May 8, 1933, W. N. Cooper executed his note in the sum of $300, payable to the appellee Bank & Trust Company on April 6, 1933. This note pro-

vided for interest at 10 per cent. per annum from date. The three vendor's lien notes provided for interest at 6 per cent. per annum from maturity. All four of the notes contained a provision for 10 per cent. attorney's fees. The three vendor's lien notes were, by proper transfers, delivered to the appellee bank as collateral security for the payment of the note for $300 executed by Cooper payable to said bank.

Cooper defaulted in the payment of the $300 note when it became due. Stoutz and Stapp also defaulted in the payment of the three notes executed by them.

The appellee the Amarillo Bank & Trust Company filed this suit to recover upon the note for $300 against Cooper. In its petition it described the other three notes, alleged that they had been pledged by Cooper as security for the payment of his note, and prayed that upon a final hearing it have judgment against Cooper for its debt, interest, attorney's fees, and costs, and against all of the defendants foreclosing the vendor's lien existing upon the premises described in the pleadings; that the proceeds realized from such foreclosure be applied upon the judgment rendered in favor of the plaintiff against Cooper. The prayer is also for order of sale, writ of possession, and "for such other and further relief, both general and special, in law and in equity, as to the Court the plaintiff may appear to be entitled."

Thereafter, on February 5, 1934, Stapp and Stoutz answered by general demurrers and general denials. On May 18, 1934, W. N. Cooper, Mrs. Driscoll, and Mrs. Johnston and her husband answered, setting out the transaction between Cooper and the bank in full, showing that the three vendor's lien notes had been pledged with said bank as security for the $300 note upon which the bank had sued. On May 24, 1934, Stoutz, after having answered as hereinbefore stated, filed a plea in abatement which does not seem to have been considered because filed out of the due order of pleading. On the same day Stoutz and Stapp both filed their first amended original answers, and Stoutz also filed his cross-action against Stapp.

In the answer and cross-action filed by the payees in the three vendor's lien notes, after alleging that they had been transferred to the bank as collateral security for the $300 note executed by Cooper, they prayed that they have judgment against Stoutz and Stapp, jointly and severally, for the full

amount of said vendor's lien notes; for foreclosure of the vendor's lien upon the land and premises described; that they have order of sale; that the land be sold; that the purchaser have his writ of possession, as provided by law; and that out of the proceeds of said sale the sheriff, or other officer executing said order of sale, apply the proceeds, first, to the payment of all costs; second, to the payment of all sums of money due plaintiff Bank & Trust Company upon the $300 note; third, that said officer pay to Goldie Cooper, Amelietta Driscoll and Lelah Johnston the balance, after deducting any amount that might be paid to plaintiff, and the remainder, if any, to Stoutz and Stapp. The prayer is further for all relief, special and general, in law and in equity, that they may be justly entitled to.

The trial was to the court without a jury, and judgment was entered in favor of the bank and in favor of the defendants upon their cross-action as prayed for by them.

The case is before us upon two assignments of error, asserting: (1) That it was "fundamental error for the Court to render judgment in favor of plaintiff foreclosing a chattel mortgage lien instead of rendering judgment foreclosing the vendor's lien as prayed for in plaintiffs' original petition and also as prayed for in appellants' answer"; and (2) that the court erred "in rendering judgment in favor of the plaintiff foreclosing a chattel mortgage lien and in favor of the payees in said notes and against the appellants' foreclosing the vendor's lien in favor of the payees in said note and against the appellants where the pleadings set forth that the vendor's lien notes were pledged to secure the payment of the personal note executed by defendant Cooper to plaintiff, and prayed for foreclosure of the vendor's lien in favor of plaintiff and did not pray for foreclosure of a chattel mortgage lien in favor of the plaintiff."

The first assignment is followed by a proposition which is simply a statement of an abstract principle of law and cannot be considered.

■ While it is true that the record does not show a chattel mortgage lien, all parties seem to have considered the pledge of the notes as a chattel mortgage lien, and the authorities agree that the practical difference between the two is that in a pledgee's lien the creditor has possession of the property pledged, while in a chattel mortgage lien the mortgagor is entitled to retain posses-

sion, in the absence of a special agreement to the contrary. No complaint is made of the recitals in the judgment to that effect. It may be admitted that the plaintiff's petition, when considered alone, does not support the specific judgment rendered by the court, unless possibly it could be upheld under the prayer for general relief, but under the allegations and prayers in all the pleadings we think the court's judgment properly adjusts the equities of the parties. Poythress v. Ivey (Tex. Com. App.) 228 S. W. 157; Id. (Tex. Civ. App.) 203 S. W. 103.

■ It is a well-established rule that, in determining the kind of a judgment that may be entered, the court will consider the pleadings of all parties, and material allegations lacking in the pleading of one party will be taken as supplied if the facts are alleged by any of the opposite parties. Ramsay v. Rouse (Tex. Civ. App.) 68 S.W.(2d) 317; Ormsby v. Ratcliffe (Tex. Com. App.) 36 S.W.(2d) 1005; Ray v. Barrington (Tex. Civ. App.) 297 S. W. 781.

We find no reversible error, and the judgment is affirmed.